LOUIS RIVELL, PLAINTIFF-APPELLANT, v. CIVIL SERVICE COMMISSION AND THE CITY OF NEWARK, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued May 25, 1971—Decided June 2, 1971.

Before Judges KILKENNY, HALPERN and LANE.

*Mr. Anthony T. Colasanti* argued the cause for appellant (*Mr. Angelo R. Bianchi,* attorney; *Mr. Colasanti,* on the brief).

*Mr. W. William Hodes,* Assistant Corporation Counsel, argued the cause on behalf of respondent City of Newark.

*Mr. George F. Kugler, Jr.,* Attorney General, attorney for Civil Service Commission (*Mr. David S. Litwin,* Deputy Attorney General, of counsel) submitted statement in lieu of brief.

The opinion of the court was delivered by

LANE, J. A. D. Plaintiff appeals from a decision of the Civil Service Commission upholding and affirming the action of the City of Newark in removing him from the Police Department.

Plaintiff received a regular appointment as a patrolman of the City of Newark from a Civil Service list on June 6, 1964. On October 22, 1968 charges were preferred against him for violations of Rule 7:4.7, Rule 6:14 and Rule 6:2 of the Newark Police Department Rules and Regulations. The basis of the first charge was that when plaintiff had been ordered by the police surgeon to report from sick leave on August 22, 1968, he failed to inform his superior officer that he had been returned to duty. The basis of the second charge was that plaintiff had received a lawful order from the police surgeon to report to duty from sick leave and failed to comply with that order. The third charge alleged that plaintiff had absented himself from work without any

superior officer giving him permission to do so. At a departmental hearing on January 3, 1969, he was found guilty of all the charges and suspended for 30 days. In addition, he was assessed an additional 30-day suspension as a result of alleged insubordinate conduct towards the Police Director at the time of the departmental hearing.

On Januray 27, 1969, Lt. William E. Weber gave plaintiff, who was still on suspension, an order to report to the First Precinct station so that he could be served with final notice of disciplinary action concerning the three charges referred to above. Earlier, on January 24, he had first been ordered to the station by Weber. When plaintiff advised Weber on the telephone on January 27 that he was not going to come into the precinct, Captain Charles M. Zizza came on the telephone and gave him a direct order on the telephone to report to the precinct at 3 P.M. or charges would be instituted against him. Captain Zizza testified:

When Rivell heard this he said to me "You order me?" And there was some laughter and again, in quotes "I'm not taking orders from you. You did enough to me already."

At the time of the conversation, plaintiff was officially assigned to Captain Zizza's command, and it was Captain Zizza's function to serve him with the final notice of disciplinary action. Lt. Weber's telephone conversation with plaintiff was made at the direct request of Captain Zizza.

As a result of plaintiff's failure to report to the precinct as ordered, charges were preferred against him as follows:

CHARGE I: Violation of Rule 3:2.5, Chapter 3, Rules and Regulations — Lawful Orders. "Police officers . . . shall always respond to the lawful orders of superior officers . . ." (TWO COUNTS)
Specifications:
1. Patrolman Louis J. Rivell, First Precinct, while on departmental suspension January 24, 1969, at or about 1:15 p.m., having received a lawful order, via telephone, from Lieutenant William Weber, a superior officer, to report to the First Precinct

station on January 27, 1969, did, without just cause, fail and neglect to comply with such order.

2. Patrolman Louis J. Rivell, First Precinct, while on departmental suspension January 27, 1969, at or about 12:30 p.m., having received a lawful order, via telephone, from Captain Charles M. Zizza, a superior officer to report to the First Precinct station by 3:00 p.m. on said date, did, without just cause, fail and neglect to comply with such order.

CHARGE II: Violation of Rule 6:8, Chapter 6, Rules and Regulations — ACTS OF INSUBORDINATION — "Department members shall not commit acts of insubordination or disrespect to any superior officers." (TWO COUNTS)

*Specifications:*

1. Patrolman Louis J. Rivell, First Precinct, while on departmental suspension January 27, 1969 was insubordinate and disrespectful to Lieutenant William Weber, a superior officer, in that, at or about 12:30 p.m. he communicated with Lieutenant Weber, instead of reporting in person as previously ordered, via telephone, at the First Precinct station and did, knowingly and wrongfully say to him, "If you want to serve me with the final papers you can do so by bringing them to me at a store at 354 Broadway", or words to that effect, and upon being advised that he was required to submit reports of receipt of the papers, the said Patrolman wrongfully replied, "I am not going to submit any reports, if you want to serve the papers at the Broadway address I will take them but I am not going to submit any reports", or words to that effect; and upon being told by the Lieutenant that he was still subject to department rules and regulations while under suspension, Patrolman Rivell did further wrongfully reply, "When the department starts paying me after my sixty days, I'll start obeying orders", or words to that effect.

2. Patrolman Louis J. Rivell, First Precinct, while on departmental suspension January 27, 1969, at or about 12:30 p.m., was disrespectful and insubordinate to Captain Charles M. Zizza, in that after being ordered by said superior officer, via telephone, to report to the precinct station by 3:00 p.m., on said date or department charges would be brought against him, Patrolman Rivell did, knowingly and wrongfully reply, "You order me", and commenced to laugh, and then he did further wrong-

fully reply, "I'm not taking any orders from you, you did enough to me already", or words to that effect.

At a departmental hearing held April 11, 1969, plaintiff was found guilty of the charges and was discharged from his position as a patrolman in the Newark Police Department.

A hearing before the Civil Service Commission was held December 29, 1969. The Commission reversed the findings on the initial three charges that resulted in the 30-day suspension, holding that there was a lack of credible evidence to support them. Further, the additional 30-day suspension for insubordination was reversed on the ground that the evidence did not show an act of insubordination.

As to the two additional charges based upon plaintiff's failure to report, the Commission stated:

This appellant, though under suspension, for a defined period of time, was a member of the Newark Police Department, a quasi-military unit and was bound by the Rules and Regulations of that department. His failure to report as commanded by two superiors is a serious breach of conduct of a member of such a quasi-military organization. It is the Hearer's determination that the attitude as displayed by this appellant does not make him good timber for membership in a Police Department as does his failure to accept the responsibility and adhere to the Rules and Regulations of the department. Orders of superior officers must be complied with or the fiber of the organization is torn asunder.

The action of the appointing authority in removing plaintiff from the Police Department was upheld and affirmed.

Plaintiff argues on appeal that the order to report to the precinct was not a lawful order because at the time it was given plaintiff was not an active member of the Newark Police Department, being suspended. Essentially the argument is that a suspension is the equivalent to a removal for the duration of the suspension. Therefore, it is argued an employee under suspension is not subject to any orders during the time of the suspension.

Suspension has been defined as only a "temporary forced withdrawal from the exercise of office" as opposed to a dis-

missal. *Murley v. Township of Raritan,* 117 *N. J. L.* 357 (Sup. Ct. 1936). But see *Ballurio v. Castellini,* 29 *N. J. Super.* 383, 390 (App. Div. 1954). A suspended policeman remains as part of the department, for suspension is simply a matter of discipline of the policeman while a member of the department. *Murley v. Township of Raritan, supra.* Therefore, he should be subject to any applicable rules and regulations.

The rules and regulations of the Newark Police Department define suspension as (Rule 7:13.1):

> Suspension is the act of temporarily denying a police officer or a civilian employee the privilege of performing his duties as a consequence of alleged violation of *Department Rules and Regulations* or violation of the law. While under suspension, the police officer or the civilian employee shall not receive pay.

This definition refers only to the suspension from duty. It does not indicate that the suspended policeman need not follow other rules and regulations.

Rule 7:13.7, however, provides:

> RELIEVED FROM DUTY. A police officer under suspension is relieved from the duty of reporting to a precinct station or other command, unless he is directed otherwise by the Chief of Police. He shall be responsible for any further violations of the *Departmental Rules and Regulations* while under suspension.

The clear intent of this rule is to make two separate points. The first relates to a policeman's performance of duty from which he has been suspended. Rule 7:13.1. The second sentence states that he, nevertheless, remains subject to the *Department Rules and Regulations.*

A policeman who is off-duty is not allowed to act with disregard to department regulations but must comport himself properly and follow all rules and regulations. *Hailes v. Kearny,* 101 *N. J. L.* 401 (E. & A. 1925); *Herbert v. Atlantic City,* 87 *N. J. L.* 98, 101 (Sup. Ct. 1915). Moreover, a policeman who has taken a leave of absence without pay is still subject to the rules and regulations and may be dis-

missed for a violation of the rules during the leave of absence. *Ward v. Keenan,* 3 *N. J.* 298 (1949). It follows logically that a suspended policeman being disciplined as a member of the police department is also subject to applicable rules and regulations.

Since plaintiff while suspended was subject to the rules and regulations, he would be required to respond to all lawful orders of his superiors. Rule 3:2.5. His refusal to obey an order while not on active duty properly made him subject to dismissal. *Cf. Ward v. Keenan,* 3 *N. J.* 298, *supra.* As long as one remains a member of the police department, he must comport himself properly and not do any acts which tend to impair the morale and discipline of the police department. *Ward v. Keenan, supra; In re Cohen,* 56 *N. J. Super.* 502, 507 (App. Div. 1959), certif. den. 31 *N. J.* 297 (1960); *Martin v. Smith,* 100 *N. J. L.* 50, 52 (Sup. Ct. 1924).

Plaintiff contends that the order given to him to report to the precinct was not a lawful order because under Rule 7:13.7 a suspended officer is relieved from reporting "to a precinct station or other command" unless he is directed otherwise by the Chief.

Plaintiff misinterprets the rule to say that he cannot be required to report to the precinct station for any reason whatsoever unless directed to do so by the Chief of Police. This interpretation ignores the fact that Rule 7:13.7 refers to duty as does the definition of suspension in Rule 7:13.1. It would be logical to require an order from the Chief of Police to allow a suspended policeman to return to duty. It would not be logical to require an order from the Chief of Police to have a suspended policeman report to a precinct station for routine paper work. Thus, the order to report to the station other than for return to duty from a superior, not the Chief of Police, was a lawful order. A commonsense interpretation of Rule 7:13.7 is that the term "reporting to a precinct station or other command" means "reporting for duty from suspension."

■ Upon appeal to the Civil Service Commission, the Commission held a hearing *de novo* and upheld Rivell's dismissal. In its review of the disciplinary matter the Commission should uphold the action of the Police Director as long as the discipline was not so severe as to amount to a clear abuse of discretion. *Newark v. Massey*, 93 *N. J. Super.* 317, 325 (App. Div. 1967); *Newark v. Civil Service Comm'n*, 115 *N. J. L.* 26, 30 (Sup. Ct. 1935). Where the Police Director's action is warranted on the facts, it is arbitrary for the Commission to overrule it. *Moorestown Tp. v. Armstrong*, 89 *N. J. Super.* 560 (App. Div. 1965), certif. den. 47 *N. J.* 80 (1966).

■ When on appeal to the appellate court, the action of the Commission will only be upset if it was clearly arbitrary, capricious or unreasonable, or if it lacked fair support in the evidence. *Campbell v. Dept. of Civil Service*, 39 *N. J.* 556, 562 (1963); *Moorestown Tp. v. Armstrong, supra,* at 565.

We have reviewed with care the testimony taken before the Commission and find that there was substantial credible evidence to support the decision and order of the Commission.

At the oral argument plaintiff urged that we consider that the punishment was excessive.

Many New Jersey cases indicate the importance of maintaining discipline within the paramilitary organization to a police department. Refusal to obey orders and disrespect cannot be tolerated. Such conduct adversely affects the morale and efficiency of the department. *State v. Naglee*, 44 *N. J.* 209, 221 (1965), rev'd on other grounds, *Garrity v. State*, 385 *U. S.* 493, 87 *S. Ct.* 616, 17 *L. Ed.* 2d 562 (1967); *Newark v. Massey*, 93 *N. J. Super.* 317, 323 *supra; In re Emmons*, 63 *N. J. Super.* 136, 140 (App. Div. 1960); *Robbins v. Town Council of Bloomfield*, 13 *N. J. Misc.* 353, 178 *A.* 212 (Sup. Ct. 1935); *Hoar v. Preiskel*, 3 *N. J. Misc.* 494, 128 *A.* 857 (Sup. Ct. 1925).

▆ The evidence supported a finding that plaintiff had disobeyed a lawful order and had been disrespectful to a superior officer. His dismissal from the police department was an appropriate action.

The order and decision of the Civil Service Commission is affirmed.