122 N.J. Super. 476 (1973)
300 A.2d 866
DEREK THOMAS AKRIDGE AND THE BRONZE SHIELDS, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFFS-APPELLANTS,
v.
ANTHONY BARRES, CHIEF OF POLICE, CITY OF NEWARK, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted January 22, 1973.
Decided February 23, 1973.
*477 Before Judges LORA, ALLCORN and CRANE.
Mr. John C. Love, attorney for the appellants (Mr. Joseph Charles, on the brief).
Mr. William H. Walls, attorney for the respondent (Mr. Althear A. Lester, on the brief).
PER CURIAM.
It is no longer open to question that the members of a police department "in many respects constitute a military organization," 16 McQuillin, Municipal Corporations (3d ed., 1972 rev'd vol.), § 45.16, at 621, and as such are necessarily subject to reasonable regulations having to do with discipline and morale. Ward v. Keenan, 3 N.J. 298 (1949); Rivell v. Civil Service Commission, 115 N.J. Super. 64 (App. Div. 1971), certif. den. 59 N.J. 269 (1971); Newark v. Massey, 93 N.J. Super. 317 (App. Div. 1967); N.J.S.A. 40A:14-118.
The police department has a proper and legitimate interest in the appearance of its members, including the *478 length and style of head and facial hair. Cf. Anderson v. Laird, 437 F.2d 912, 915 (7 Cir.1971), cert. den. 404 U.S. 865, 92 S.Ct. 68, 30 L.Ed.2d 109 (1971). Contrary to plaintiff's contention, such a regulation does not offend any First Amendment rights of the members of the police department. As was stated in Richards v. Thurston, 424 F.2d 1281, 1283 (1 Cir.1971), in disposing of a similar contention with regard to a dispute concerning the hair length of a public school student:
* * * We recognize that there may be an element of expression and speech involved in one's choice of hair length and style, if only the expression of disdain for conventionality. However, we reject the notion that plaintiff's hair length is to a sufficiently communicative character to warrant the protection of the First Amendment. That protection extends to a broad panoply of methods of expression, but as the non-verbal message becomes less distinct, the justification for the substantial protections of the First Amendment becomes more remote. * * * [Citations omitted.]
See, United States v. O'Brien, 391 U.S. 367, 376, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968), reh. den. 393 U.S. 900, 89 S.Ct. 63, 21 L.Ed.2d 188 (1968); Raderman v. Kaine, 411 F.2d 1102 (2 Cir.1969), cert. dism., 396 U.S. 976, 90 S.Ct. 467, 24 L.Ed.2d 447 (1969). See generally, Olff v. East Side Union High School District, 404 U.S. 1042, 92 S.Ct. 703, 30 L.Ed.2d 736 (1972); Comment, 84 Harv. L. Rev. 1702 (1971). Compare, Friedman v. Froehlke, 470 F.2d 1351 (1 Cir.1972).
Affirmed.