No. 49,286

STATE OF KANSAS, *Appellee,* v. DONALD R. COLEMAN, *Appellant.*

(580 P.2d 1329)

Opinion filed July 15, 1978.

*Christoper J. Redmond,* of Redmond, Redmond & O'Brien, of Wichita, argued the cause and was on the brief for the appellant.

*Harold T. Pickler,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Vern Miller,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a direct appeal from a conviction of aggravated battery on a law enforcement officer (K.S.A. 21-3415). The defendant, Donald L. Coleman, was sentenced to a mandatory minimum sentence under K.S.A. 1976 Supp. 21-4618, since a firearm was used in the commission of the crime.

This prosecution arose out of an alleged shoplifting incident which occurred on October 4, 1976, at a Woolco department store in Wichita. The factual issues were hotly contested. Since the trier of fact chose to adopt the state's version of the facts, we will assume that the state's evidence is true for purposes of the appeal. At the time of the incident, officer Kenneth J. Fuson was working as a part-time employee at the Woolco department store. Fuson, who commonly worked as a full-time police officer for the city of Wichita, was employed during off-hours by the store to look for and apprehend shoplifters. Fuson had been working for the Wichita police department for fourteen months; he had worked for Woolco for less than two weeks. To enable him to move about the store inconspicuously, Fuson was dressed in faded blue jeans, a T-shirt, a jeans jacket, and brown boots. Fuson had on his person a billfold containing his badge and a police identification card, as well as a revolver and a set of handcuffs. The state's evidence showed that officer Fuson observed Coleman enter the

store walking very quickly. Fuson followed Coleman and observed him squatting in front of some clothing shelves, leaning backwards, and stuffing a dark-colored article in the front of his pants. After Coleman stood up, Fuson observed him "pulling and pushing at his groin area, around his belt." Coleman walked away at a very fast pace, looking from left to right. After walking through several departments at a quick pace, Coleman went out of the store without going through the pay counter with Fuson running in hot pursuit. Just outside the door, Fuson placed his hand on Coleman's right shoulder and began taking his police identification out of his pocket. As Fuson did this, he looked Coleman straight in the eye and said, "I am a Wichita Police Officer. You are under arrest for shoplifting and it will be necessary for you to come back inside." Coleman replied, "No, I am not." Before Fuson was able to remove his billfold from his pocket, Coleman began resisting. A struggle ensued. Fuson testified that he again advised Coleman he was under arrest and again identified himself to Coleman as a police officer. Coleman, with Fuson holding on to him, went to the back of his car, opened the trunk, and grabbed a snub-nosed pistol from the trunk. With the pistol in Coleman's hand, the men struggled. The pistol discharged and Fuson was struck by a bullet in his right hand. A second shot was fired into the pavement. Another police officer, Snyder, ran toward Fuson and Coleman. Coleman got into the car and drove away despite Snyder's command to stop the car. Officer Fuson obtained the license number of the departing car. Coleman was later apprehended at a residence in Wichita.

As his first point on appeal, the defendant challenges the application of K.S.A. 21-3415 to a battery committed upon an off-duty police officer employed as a private security guard. K.S.A. 21-3415 provides as follows:

"21-3415. **Aggravated battery against a law enforcement officer.** Aggravated battery against a law enforcement officer is an aggravated battery, as defined in section 21-3414, committed against a uniformed or properly identified state, county, or city law enforcement officer while such officer is engaged in the performance of his duty.

"Aggravated battery against a law enforcement officer is a class B felony."

Assuming the state's version of the evidence to be correct, it is clear that defendant Coleman committed an aggravated battery against officer Fuson. However, for the defendant to be convicted of the offense of aggravated battery against a law enforcement

officer, the state was obligated to show that the aggravated battery was committed against a properly identified state, county, or city law enforcement officer *while such officer was engaged in the performance of his duty.*

We have no difficulty in finding that officer Fuson was a law enforcement officer within the meaning of K.S.A. 21-3415. In that regard, we note the term "law enforcement officer" is defined in the general definition section of Kansas Criminal Code, K.S.A. 21-3110(10) as follows:

"(10) 'Law enforcement officer' means any person who by virtue of his office or public employment is vested by law with a duty to maintain public order or to make arrests for crimes, whether that duty extends to all crimes or is limited to specific crimes."

Since officer Fuson was regularly employed as a police officer by the city of Wichita, he was a law enforcement officer within the meaning of 21-3415. The state's evidence established that, although he was not in uniform, officer Fuson advised Coleman that he was a Wichita police officer at the time Fuson first placed his hand on Coleman's right shoulder just outside the door of the department store. Under this evidence, Fuson had been "properly identified" as a law enforcement officer to Coleman prior to the time the aggravated battery was committed.

The question which remains to be determined is whether Fuson was "engaged in the performance of his duty" as a law enforcement officer at the time the aggravated battery took place. Although convictions under 21-3415 have been before this court for review on several occasions, we have not addressed the specific issue raised here. (*State v. Gander,* 220 Kan. 88, 551 P.2d 797 [1976]; *State v. Greene,* 214 Kan. 78, 519 P.2d 651 [1974].) In *State v. Gunzelman,* 210 Kan. 481, 502 P.2d 705 (1972), a highway patrol officer was off duty at his home in the late evening. The defendant complained to the officer concerning traffic tickets issued by the officer to defendant's employees. A heated argument ensued and ultimately the defendant struck the officer. The highway patrol officer was not in uniform when confronted by the defendant. The defendant was charged with aggravated battery against a law enforcement officer and was convicted of the lesser offense of battery against a law enforcement officer. (K.S.A. 21-3413.) No issue was raised claiming that the highway patrolman was not engaged in the performance of his duty at the time the aggravated battery occurred.

Four jurisdictions have ruled upon the question of whether a policeman who is working as a private security guard is engaged in the performance of his duties so as to make applicable a statute making it an offense to commit an assault or battery upon a law enforcement officer. *People v. Hooker,* 254 Cal. App. 2d 878, 62 Cal. Rptr. 675 (Ct. App. 1967), presented a factual situation quite comparable to the one presented in this case. There a police officer, who worked as a part-time store employee in detecting and apprehending shoplifting, observed the defendant engaged in removing various store items and secreting them on his person. The officer was hit and kicked several times after announcing to defendant, outside the store, that the officer was a police officer and that defendant was under arrest for shoplifting. The court held that the police officer was engaged in the performance of his duties under a California statute making battery knowingly committed against a peace officer engaged in the performance of his duties a felony. Although *Hooker* was disapproved in *People v. Curtis,* 70 Cal. 2d 347, 74 Cal. Rptr. 713, 450 P.2d 33 (1969), the California Supreme Court's disapproval extended only to the implication in *Hooker* that a person cannot resist an unlawful arrest. In *People v. Townsend,* 20 Cal. App. 3d 688, 98 Cal. Rptr. 25 (Ct. App. 1971), the California Court of Appeals held that a police officer, working as a part-time security guard at a high school dance, was a peace officer engaged in the performance of his duties within the meaning of the statute construed in *People v. Hooker,* supra. In *Townsend,* the officer's duties were to maintain peace at the dance and to assist the school officials in keeping out intruders who were not members of the student body. The police officer was in uniform and armed, but was being paid by the school.

The Wisconsin Supreme Court dealt with the issue in *Williams v. State,* 45 Wis. 2d 44, 172 N.W.2d 31 (1969), where the police officer was driving his private car and noticed a crowd of people standing around two men in a fight. The officer was off duty but had on his uniform following his serving as a private guard at a wedding. The officer was struck by defendant when he attempted to stop the fight. The Wisconsin court held that as soon as the police officer took action to stop the fight he was no longer off duty. In his attempt to preserve public peace and order, the police

officer was acting within the scope of his official duties. Hence, the conviction of battery to a police officer was upheld.

There are two pertinent Oklahoma decisions. In *Stewart v. State,* 527 P.2d 22 (Okla. Crim. App. 1974), the Oklahoma Court of Criminal Appeals held that an off-duty police officer, working as a part-time security guard for an apartment complex, was not a police officer in the performance of his duties for the purpose of charging the defendant with the crime of aggravated battery upon a police officer. The police officer was not wearing his official police uniform and was not armed. The police officer observed the defendant and another male knocking on an apartment door and window. Having knowledge that the apartment was unoccupied, the officer approached and asked the men for identification. Defendant refused and started walking toward his pickup. The police officer followed, identifying himself as a police officer and displaying his badge. The defendant struck the officer, knocking him to the ground. The Oklahoma Court of Criminal Appeals held that the evidence was not sufficient to establish that the officer was in the performance of his police duties at the time of the altercation. In the later case of *Brooks v. State,* 561 P.2d 137 (Okla. Crim. App. 1977), it was held that an off-duty police officer, in uniform and not working as a private security guard, was a police officer acting in the performance of his duties where he observed the defendant's vehicle being operated in such a manner that it resulted in a disturbance of the peace. The police officer was engaged in making an arrest of the defendant when assaulted. It was held that the officer, although off duty, was not acting under the employment of a private enterprise, but was acting for the benefit of the public in general in maintaining peace and order.

Several Texas decisions dealing with the issue take the position that a police officer is on duty twenty-four hours per day and therefore is acting within the performance of his duties under the statute defining the offense of aggravated assault upon a peace officer when the officer is assaulted while in the course of arresting the defendant for misdemeanors such as being drunk in a public place or breach of the peace. (*Thompson v. State,* 426 S.W.2d 242 [Tex. Crim. App. 1968]; *Monroe v. State,* 465 S.W.2d 757 [Tex. Crim. App. 1971]; *Wood v. State,* 486 S.W.2d 771 [Tex. Crim. App. 1972].) In the only recent Texas decision finding that

an officer was not engaged in the performance of his duties, the Texas Court had before it an incident where the police officer was confronted by the defendant, who complained that the officer had dented his car. The officer, who had been attending a training session at the courthouse, was not in uniform and was driving his personal car. The officer identified himself as a police officer, told the defendant to stop bothering him, and began writing down the license number of the defendant's car. An assault thereafter resulted. Although holding that the on-duty/off-duty distinction was not important, the court stated that the officer's argument with the defendant was a private rather than an official act. (*Morris v. State,* 523 S.W.2d 417 [Tex. Crim. App. 1975].)

We have concluded that, under the factual circumstances in the present case, officer Fuson was engaged in the performance of his duty as a law enforcement officer at the time the aggravated battery was committed against him by the defendant. Here the aggravated battery occurred after the police officer had identified himself as such and while the officer was in the process of arresting the defendant for a crime committed in the officer's presence. We hold that a police officer who is working during his off-duty hours as a part-time store employee in detecting and apprehending shoplifters, who observes a customer secreting merchandise on his person, who identifies himself as a police officer to the customer outside the store, and who advises the customer that he is under arrest for shoplifting, is a law enforcement officer "engaged in the performance of his duty" within the provisions of K.S.A. 21-3415.

We have also considered the other points raised by the defendant on the appeal and find them to be without merit. We hold that the evidence was sufficient to sustain a conviction of aggravated battery against a law enforcement officer under K.S.A. 21-3415. We further hold that the trial court did not commit error in denying defendant's motion for a new trial on the basis of newly discovered evidence. The defendant claims that K.S.A. 1976 Supp. 21-4618, which requires the mandatory minimum sentence where a firearm is used in the commission of an Article 34 crime, is unconstitutional because it creates cruel and unusual punishment and violates the equal protection clause of the Fourteenth Amendment to the United States Constitution. These issues were determined adversely to the defendant's position in *State v.*

*Freeman,* 223 Kan. 362, 574 P.2d 950 (1977) and in *State v. DeCourcy,* 224 Kan. 278, 580 P.2d 86 (1978). Furthermore, this court held that K.S.A. 1976 Supp. 21-4618 precludes the trial court from ordering a suspended sentence in cases where that statute is applicable. (*Esters v. State,* 1 Kan. App. 2d 503, 571 P.2d 32 [1977]; *State v. Stuart and Jones,* 223 Kan. 600, 575 P.2d 559 [1978].)

The judgment of the district court is affirmed.