172 N.J. Super. 27 (1980)
410 A.2d 704
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
NICHOLAS LOUIS DESANTO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 11, 1979.
Decided January 10, 1980.
Before Judges CRANE, MILMED and KING.
Stanley C. Van Ness, Public Defender, attorney for defendant (Donald Thelander, Assistant Deputy Public Defender, of counsel and on the letter brief).
John J. Degnan, Attorney General of New Jersey, attorney for respondent (Stephen P. Newsome, Deputy Attorney General, of counsel and on the letter brief).
*28 The opinion of the court was delivered by MILMED, J.A.D.
Tried to a jury, defendant was found guilty of assault and battery upon a police officer, in violation of N.J.S.A. 2A:90 4(a).[1] On the conviction, he was sentenced to the Hudson County Penitentiary for a period of 18 months. The execution of 12 months of the term was suspended and he was ordered to be placed on probation for a period of two years following completion of service of the six months "balance" of the sentence.
On this appeal, defendant's single contention is that it was plain error for the trial judge to have denied his motion for a judgment of acquittal at the close of the State's case since the State failed to establish that the victim was a law enforcement officer acting in the performance of his duties. He maintains that although the victim, Patrolman Donald Verney of the Jersey City Police Department, was wearing his Jersey City Police uniform at the time of the assault and battery, he was "not formally on duty" since "he was acting as a private security guard, being paid by the promoters of the rock concert which had been scheduled that day" in Roosevelt Stadium. On the night in question, Officer Verney was patrolling the main gate of the stadium. He had been assigned to this off-duty job by his superior, the captain of his police precinct, after volunteering for the work. Police officers were required for that assignment. Those Jersey City officers who volunteered to work at the stadium during the rock concert were assigned to the task by the city, i.e., upon approval by the police captain  the only distinction between this job and the officers' regular employment being that the individual who requested the police protection, the promoter of the rock concert, rather than the city, was paying for the service. Defendant argues, in essence, *29 that this distinction removes the police officer victim from the category of a law enforcement officer acting in the performance of his duty. He claims that Verney "was acting as a privately paid security guard" at the time and that his (defendant's) "conduct in the case at bar" could constitute nothing more than a simple assault and battery.
We have considered defendant's contention and the argument advanced in support of it in our review of the record submitted on the appeal. We find the issue raised by defendant to be clearly without merit.
Here, there is ample evidence in the record to support a finding of defendant's guilt of the crime charged in the indictment, beyond a reasonable doubt. The conditions prescribed in N.J.S.A. 2A:90-4(a) were met. Thus, (1) Officer Verney, a municipal police officer, was in uniform at the time; (2) he was exhibiting evidence of his authority and (3) he was acting in the performance of his duty as a law enforcement officer when the assault and battery took place.[2]See State v. States, 44 N.J. 285, 291 (1965). As the Supreme Court observed in Jasaitis v. Paterson, 31 N.J. 81 (1959):
... the [police] uniform has the same significance to the public whether the wearer is technically on or off duty.... in such a situation [the municipality] and its public expect and obtain real benefits from [the police officer]. [at 85]
See, also, State v. Coleman, 224 Kan. 447, 580 P.2d 1329 (Sup.Ct. 1978), and cases cited therein. There, the court was called upon to determine the propriety of defendant Coleman's conviction for aggravated battery upon a law enforcement officer (K.S.A. 21-3415), in light of defendant's claim that the statute did not apply "to a battery committed upon an off-duty police officer *30 employed as a private security guard." 580 P.2d at 1331. At the time of the incident, the victim of the attack, Officer Fuson, "who commonly worked as a full-time police officer for the city of Wichita," was working during off-hours as a part-time employee at a Woolco department store. Id., at 1330. He was employed by the store "to look for and apprehend shoplifters." Id. at 1330-1331. Under the Kansas statute, K.S.A. 21 3415:
Aggravated battery against a law enforcement officer is an aggravated battery, as defined in section 21-3414, committed against a uniformed or properly identified state, county, or city law enforcement officer while such officer is engaged in the performance of his duty.
Aggravated battery against a law enforcement officer is a class B felony.
In affirming the conviction the Supreme Court of Kansas concluded that "under the factual circumstances in the ... case, officer Fuson was engaged in the performance of his duty as a law enforcement officer at the time the aggravated battery was committed against him by the defendant." 580 P.2d at 1333. It pointed out that:
... Here the aggravated battery occurred after the police officer had identified himself as such and while the officer was in the process of arresting the defendant for a crime committed in the officer's presence. We hold that a police officer who is working during his off-duty hours as a part-time store employee in detecting and apprehending shoplifters, who observes a customer secreting merchandise on his person, who identifies himself as a police officer to the customer outside the store, and who advises the customer that he is under arrest for shoplifting, is a law enforcement officer "engaged in the performance of his duty" within the provisions of K.S.A. 21 3415. [Id.]
The conviction and sentence under review are affirmed.
NOTES
[1] This statute was repealed by N.J.S.A. 2C:98-2, part of the New Jersey Code of Criminal Justice. N.J.S.A. 2C:1-1 et seq., effective September 1, 1979. The crime is now designated by the Code as "aggravated assault." See N.J.S.A. 2C:12-1(b).
[2] Under N.J.S.A. 2A:90-4(a), as well as under N.J.S.A. 2C:12-1(b)(5)(a), the proscribed offense occurs when committed upon a law enforcement officer "acting in the performance of his duties while in uniform or exhibiting evidence of his authority."