**STATE of Missouri, Respondent,**

v.

**Lisa BROWN, Appellant.**

**No. 74408.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 6, 1999.

Lawrence O. Willbrand, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Krista D. Boston, Asst. Atty. Gen., Jefferson City, for respondent.

CLIFFORD H. AHRENS, Judge.

Defendant was charged by information with assault of a law enforcement officer in the second degree, section 565.082.1(1),

RSMo 1994.[1]  A jury found defendant guilty and assessed punishment at imprisonment for five years.  Defendant appeals the judgment on her conviction.  We affirm.

Viewed in a light most favorable to the verdict, the evidence adduced at trial established the following facts.  On April 17, 1997, an associate at the Northwest Plaza Dillard's Department Store observed three females acting in a suspicious manner.  He also noticed that the sacks carried by the females were filled with more merchandise than any Dillard's employee would place into one sack. The associate called security to report these observations and the three females abruptly left the building.

Officer James Brunner was a police officer in the City of Woodson Terrace and also served as the head of security for the Northwest Plaza Dillard's Department Store.  The Northwest Plaza Dillard's is located in the City of St. Ann's.  On the evening of April 17, 1997, Officer Brunner was "off-duty" and was working in his capacity as the head of Dillard's security.  While working in this capacity, Officer Brunner wore his regular Woodson Terrace Police uniform.

When Officer Brunner responded to the call, he was directed to the parking lot by the Dillard's associate.  In the parking lot, he observed three females who matched the description he had been given as they entered a turquoise Pontiac Sunfire.  Officer Brunner approached the vehicle.  When he was approximately thirty feet away from the vehicle, it backed out of its parking space.  He stood, clearly visible in lights illuminating the parking lot, in the center of the lane as the vehicle approached.  He held his hand out and yelled for the car to stop.  The vehicle then accelerated in Officer Brunner's direction, forcing him to move when he determined the vehicle would not stop.  After he moved from the center of the lane, the vehicle passed eighteen inches from Officer Brunner.  He identified defendant as the driver of the vehicle.  Officer Brunner also recorded the vehicle's license plate.  The rental agency which owned the vehicle confirmed that it had been rented by defendant.

■ In her only point on appeal, defendant alleges that she could not have been found guilty for the assault of a police officer under section 565.082 when the victim was an off-duty police officer employed as a private security guard.  We disagree.

■ Defendant argues that victim was outside his jurisdiction when he was assaulted and therefore could not make a valid arrest.  As defendant was not charged with resisting or interfering with arrest, as provided in section 575.150, this argument has no merit.

"A person commits the crime of assault of a law enforcement officer in the second degree if [s]he . . . [a]ttempts to cause or knowingly causes physical injury to a law enforcement officer by means of a deadly weapon or dangerous instrument[.]"  Section 565.082.1(1).  A "law enforcement officer" is defined as "any public servant having both the power and duty to make arrests for violations of the laws of this state[.]"  Section 556.061(17).  Neither provision injects a temporal element into the offense.  The instructions under which defendant was convicted required the jury to find that defendant "knew or was aware [victim] was a law enforcement officer."  Officer Brunner wore his regular Woodson Terrace police officer's uniform at the time of the offense.  On appeal, defendant does not allege that she lacked knowledge that the victim was a law enforcement officer.

■ Defendant argues that section 565.082 requires the victim to be actively engaged in the performance of duties imposed on him by law before he may be clothed in its protection.  Such language is not found on the face of the statute, nor do we read such a requirement into the statute. Where the language of the statute is clear, there is no room for construction and the courts must give effect to the statute as written.  *State v. Wolf,* 930 S.W.2d 484, 485 (Mo.App.1996).

In *State v. Palms,* 592 S.W.2d 236 (Mo. App.1979), the Western District of this court was presented with the question of whether

1.  All statutory references are to RSMo 1994 unless otherwise indicated.

an off-duty law enforcement officer was protected under a statute which prohibited the striking of a police officer. However, in *Palms,* the statute provided that

> [a]ny person who shall willfully strike, beat or wound any police officer, sheriff, highway patrol officer or other peace officer while *such officer is actively engaged in the performance of duties imposed on him by law* ... shall be punished by imprisonment by the department of corrections for a term of not more than five years, or by confinement in the county jail for not less than six months nor more than one year, or by a fine of not more than one thousand dollars, or by both such fine and imprisonment.

Section 557.215 (repealed 1977)(emphasis added)(cited in *State v. Ross,* 492 S.W.2d 792, 794 (Mo. banc 1973)). The court identified two lines of cases which addressed whether a law enforcement officer engaged in private employment as a private security guard acted in the performance of duties imposed on him by law so as to fall under the protection of statutes prohibiting assault on a law enforcement officer.[2]

■ We agree with the reasoning of those cases which hold that, on facts similar to those before us, an off-duty law enforcement officer employed as a private security guard is engaged in the performance of duties imposed on him by law. *See State v. Kurtz,* 78 Ariz. 215, 278 P.2d 406 (1954); *State v. Robinson,* 379 So.2d 712 (Fla.Dist.Ct.App.1980); *Tapp v. State,* 406 N.E.2d 296 (Ind.Ct.App. 1980); *State v. Coleman,* 224 Kan. 447, 580 P.2d 1329 (1978); *State v. DeSanto,* 172 N.J.Super. 27, 410 A.2d 704 (App.Div.1980); *Wood v. State,* 486 S.W.2d 771 (Tex.Crim. App.1972); *State v. Graham,* 130 Wash.2d 711, 927 P.2d 227 (1996); *Williams v. State,* 45 Wis.2d 44, 172 N.W.2d 31 (1969). Those courts which declined to make such a finding found the enhanced penalty provisions for battery of a law enforcement officer were based on "a number of statutory provisions which ... evinced a legislative policy against

according peace officer status and protections to actions of off-duty police officers performed within the course and scope of their private employment as security guards." *Cervantez v. J.C. Penney Co., Inc.,* 24 Cal.3d 579, 156 Cal.Rptr. 198, 595 P.2d 975, 979 (1979)(*citing People v. Corey,* 21 Cal.3d 738, 147 Cal.Rptr. 639, 581 P.2d 644 (1978)); *see also Stewart v. Oklahoma,* 527 P.2d 22 (Okla.Crim.App.1974). There is no such policy in Missouri.

Where the victim was an off-duty police officer employed as a private security guard, defendant was properly convicted under section 565.082. Point denied.

The judgment of the trial court is affirmed.

JAMES A. PUDLOWSKI, P.J., and WILLIAM H. CRANDALL Jr., J., concur.

---

**2.** The *Palms* court did not resolve the question before us after it found that the victim, a reserve police officer, was not afforded protection under the statute because he was not assigned to active

duty. The court held that the victim "was not, therefore, in any sense of the term, a regular police officer." *Palms,* 592 S.W.2d at 239.