998 A.2d 567 (2010)
414 N.J. Super. 406
STATE of New Jersey, Plaintiff,
v.
Raquel GEBBIA, Defendant.
Municipal Appeal No. BMA-003-18-09.
Superior Court of New Jersey, Law Division, Bergen County.
Decided March 31, 2010.
*568 Dyanne Lluch, Assistant Prosecutor, for plaintiff (John L. Molinelli, Bergen County Prosecutor, attorney).
Richard S. Mazawey, Clifton, for defendant (Richard S. Mazawey Law Offices, attorneys).
ROMA, J.S.C.

INTRODUCTION
This is a trial de novo on appeal from the Woodcliff Lake Municipal Court. On September 10, 2009, defendant Raquel Gebbia appeared for trial on Woodcliff Lake Borough summons SC-002829, citing her with unlawful passing of a stopped school bus engaged in the picking up or dropping off of children, contrary to N.J.S.A. 39:4-128.1. The court found defendant guilty of the violation and accordingly sentenced her to a $250 fine, plus $33 court costs, and a $6 administration fee.
Defendant subsequently appealed the decision. On appeal, defendant argues that the lower court erred in finding that a probable cause hearing was unnecessary, as the officer who issued the summons originally issued it as a civilian complaint in his off-duty capacity.
The State contends that the municipal court properly voided the civilian complaint and eschewed the probable cause hearing because the complaining witness on the civilian complaint was a police officer. The State argues that the officer's off-duty capacity does not demand a probable cause determination.

STATEMENT OF FACTS & PROCEDURAL HISTORY
On April 24, 2009, at approximately 2:40 p.m., Washington Township Police Corporal *569 Thomas Lawton was off-duty and working in his private capacity as a school bus driver for Scholastic School Bus. Lawton was traveling southbound on Werimus Road in Woodcliff Lake when he activated the bus's flashing lights and stop sign and executed a passenger stop. While stopped, Lawton observed the driver of a white Mercedes Benz SUV traveling northbound on Werimus Road violate N.J.S.A. 39:4-128.1, which prohibits the passing of a school bus that is stopped and engaged in the picking up or dropping off of children.
Lawton testified that he extended his hand out the bus window and blew his horn at the Mercedes, but the driver only stopped for long enough to make an obscene gesture and continue driving. Lawton testified that he looked directly at the driver when she stopped, and that he wrote down the license plate number as the Mercedes drove away.
Approximately two hours later, Lawton finished his bus run and drove to the Woodcliff Lake Police Headquarters to report the incident. He relayed the above-captioned facts to. Lieutenant Garcia of the Woodcliff Lake Police Department. Garcia then wrote out Woodcliff Lake Borough summons, SC-002262 citing defendant with unlawful passing of a school bus, contrary to N.J.S.A. 39:4-128.1. The complaint was executed as a civilian complaint, with Lawton signing as the complaining witness and Garcia signing as the person administering oath.
Subsequently, the Woodcliff Lake Municipal Court contacted Lawton and asked him to return to the court to reissue a police officer's complaint. On April 29, 2009, Lawton returned to Woodcliff Lake and signed Woodcliff Lake Borough summons SC-002829 citing defendant with the same offense as summons SC-002262. On this second complaint, however, Lawton's signature is the only to appear and a box is checked indicating that the complaining witness is a law enforcement officer and thus a judicial probable cause determination is not required prior to the issuance of the summons.
At the inception of trial on September 10, 2009, the court voided the citizen's complaint and proceeded to trial via the police officer's complaint. The court also denied defense counsel's motion to dismiss the police summons, finding that the complaint was properly issued under Rule 7:2-2(a)(2).[1]
During trial, Lawton identified defendant as the individual who he saw driving the Mercedes SUV. Defendant, however, testified that she never drives on Werimus Road and that "absolutely 100 percent" she was not driving her car at that intersection that day. The court explicitly stated that it did not accept defendant's version of what occurred. Determining Lawton's testimony to be credible, it found defendant guilty of the offense and sentenced her accordingly.

STANDARD OF REVIEW
The standard of review to be used by the Superior Court Law Division when hearing a municipal appeal is de novo. R. 3:23-8(a). The function of the court is to determine the case completely anew on the record made in the municipal court, giving due, although not necessarily controlling, regard to the opportunity of the magistrate to judge the credibility of the witnesses. See, e.g., State v. Johnson, 42 N.J. 146, 157, 199 A.2d 809 (1964). A trial de novo requires the trier to make *570 findings of fact. The Law Division's role is not the appellate function governed by the substantial evidence rule, but rather an independent fact-finding function in respect of defendant's guilt or innocence. See, e.g., State v. States, 44 N.J. 285, 293, 208 A.2d 633 (1965); see also R. 3:23-8(a). Appellate courts should defer to the credibility findings of the trial court because they are often influenced by matters such as observations of the character and demeanor of witnesses and common human experience that are not transmitted by the record. See, e.g., State v. Locurto, 157 N.J. 463, 475, 724 A.2d 234 (1999).

AN OFF-DUTY POLICE OFFICER MAY ISSUE A POLICE OFFICER'S COMPLAINT BECAUSE A POLICE OFFICER UNDERSTANDS PROBABLE CAUSE WHETHER ON-DUTY OR OFF-DUTY.
New Jersey Court Rule 7:2-2(a)(1)-(2) provides the following:
(a) Authorization for Process.
(1) Citizen Complaint. An arrest warrant or a summons on a complaint charging any offense made by a private citizen may be issued only by a judge. . . The arrest warrant or summons may be issued only if it appears to the judicial officer from the complaint, affidavit, certification or testimony that there is probable cause to believe that an offense was committed, the defendant committed it, and an arrest warrant or summons can be issued . . .
(2) Complaint by Law Enforcement Officer or Other Statutorily Authorized Person. A summons on a complaint made by a law enforcement officer charging any offense may be issued by a law enforcement officer or by any person authorized to do so by statute without a finding by a judicial officer of probable cause for issuance . . .
There is no clear answer as to the authority and potential liabilities of an off-duty police officer. See Domanoski v. Borough of Fanwood, 237 N.J.Super. 452, 457, 568 A.2d 123 (App.Div.1989). Rather, such issues must be determined on a case-by-case basis, looking closely at the facts and the context of the police activity. Ibid. For example, "an off-duty police officer may be regarded as a working officer for compensation purposes but may not be so regarded for purposes of the firemen's rule." Ibid.
The court notes that several other jurisdictions have analyzed the authority of off-duty police officers and reached mixed results with respect to their authority to arrest. See, e.g., Lande v. Menage Ltd. P'ship, 702 A.2d 1259 (D.C.1997) (holding that police officers are always on-duty, whether in or out of uniform, and required to take police action when crimes are committed in their presence); Hutto v. State, 53 Ala.App. 685, 304 So.2d 29 (Crim.App. 1974) (holding that a uniformed but privately employed off-duty officer has a public duty to make an arrest); Meyers v. State, 253 Ark. 38, 484 S.W.2d 334 (1972) (holding that a police officer's right to arrest is not limited to on-duty hours and is not negated by private employment); Stewart v. State, 527 P.2d 22 (Okla.Crim. App.1974) (holding that privately employed off-duty police officer is a private citizen who may only make arrest in accordance with laws applicable to citizen's arrest).
Existing New Jersey case law places high standards on the behavior of law enforcement officers. In 1980, the Appellate Division held that a uniformed police officer serving as a privately paid security guard, but exhibiting evidence of his authority and acting in the performance of his duty as a law enforcement officer, has the authority to effect an arrest. State v. DeSanto, 172 N.J.Super. 27, 410 *571 A.2d 704 (App.Div.1980). Furthermore, in 2002, the Appellate Division held that "[a]n off-duty officer has a duty to arrest persons committing a crime in the officer's presence." State v. Corso, 355 N.J.Super. 518, 526, 810 A.2d 1130 (App.Div.2002). Finally, New Jersey courts also have held that both suspended police officers and those who have taken leaves of absence are still subject to applicable department rules and regulations. See, e.g., Ward v. Keenan, 3 N.J. 298, 70 A.2d 77 (1949); Rivell v. Civil Service Comm'n., 115 N.J.Super. 64, 71, 278 A.2d 218 (App.Div. 1971).
Here, defendant concedes that an off-duty police officer can recognize illegal activity. Yet, defendant argues that it is the officer's capacity in private employ that necessitates a civilian complaint rather than a police officer's complaint. The court rejects this contention.
First, the sheer fact that the officer is privately employed at the time he observes the offense or apprehends the offender is of no import, as the DeSanto precedent permits a police officer to arrest an individual even while carrying out private employment. State v. DeSanto, supra, 172 N.J.Super. 27, 410 A.2d 704. DeSanto is distinguishable in many regards, but as to defendant's specific argument that the context of private employment demands civilian status, the court disagrees.
Second, the police activity in question involves recognizing the commission of a crime and identifying probable cause to arrest or cite an individual for doing so. The source of a police officer's ability to identify probable cause is the officer's experience, training, and knowledge, all of which are immutable attributes that do not dissipate when an officer goes off-duty. The Corso holding embraces this concept by imposing upon police officers the affirmative duty to arrest individuals who commit crimes in their presence, whether the officer is on-duty or off-duty. State v. Corso, supra, 355 N.J.Super. at 526, 810 A.2d 1130.
Indeed, placing a police officer in the separate context of private employment does not automate citizen status, nor does it negate his ability to recognize when a crime is being committed and identify probable cause to arrest or cite. No matter the situation in which a trained officer is placed, his knowledge and observation skills remain the same. Accordingly, police activity rooted in observational skills can be conducted in any environment because such skills are constant.
New Jersey recognizes that police officers are public servants who retain many of the same rights and responsibilities whether on-duty or off-duty. The above-captioned New Jersey cases may be factually distinguishable in a variety of manners, but collectively they inform this court that New Jersey places high standards on police conduct. Because New Jersey places such high standards on police activity and because a police officer can recognize probable cause regardless of whether he is on-duty or off-duty, this court concludes that a police officer may properly issue an officer's complaint for a violation observed during the officer's off-duty, private occupation.

CONCLUSION
The court concludes that a police officer has experience, training, and knowledge that bestows upon him the ability and authority to issue a citation for violation of a municipal ordinance, even when he is off-duty and privately employed. Accordingly, it was proper for the lower court to void the civilian complaint, eschew a probable cause hearing, and proceed to trial based upon the police officer's complaint.
*572 The court finds defendant de novo guilty of unlawful passing of a stopped school bus engaged in the picking up or dropping off of children, contrary to N.J.S.A. 39:4-128.1. The court imposes the same penalties anew as ordered by the Woodcliff Lake Municipal Court.
NOTES
[1] In the transcript, the court refers to "part B" of Rule 7:2-2(a)(1). There is no part B in this rule. The pertinent provision is part (a)(2) of that rule.