# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CA-01060-COA

**CHARLES EDWARD MACK**                                        **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                        **APPELLEE**

DATE OF JUDGMENT:                08/11/2021
TRIAL JUDGE:                     HON. GERALD W. CHATHAM SR.
COURT FROM WHICH APPEALED:       TALLAHATCHIE COUNTY CIRCUIT
                                 COURT, SECOND JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:          TOMMY WAYNE DEFER
ATTORNEY FOR APPELLEE:           OFFICE OF THE ATTORNEY GENERAL
                                 BY: ALLISON ELIZABETH HORNE
NATURE OF THE CASE:              CIVIL - OTHER
DISPOSITION:                     AFFIRMED - 02/07/2023
MOTION FOR REHEARING FILED:

### BEFORE CARLTON, P.J., SMITH AND EMFINGER, JJ.

### CARLTON, P.J., FOR THE COURT:

¶1.     In August 2000, Charles Edward Mack pleaded guilty to furnishing contraband (forty dollars) to an inmate in violation of Mississippi Code Annotated section 47-5-193 (Supp. 1999). Mack was a police officer at the time. Twenty years later, Mack sought to expunge his conviction. The Tallahatchie County Circuit Court denied his petition, finding that Mack's crime was not eligible for expungement under Mississippi Code Annotated section 99-19-71(5) (Rev. 2020), which provides that "[n]o public official is eligible for expunction under this section for any conviction related to his official duties." Mack appealed, asserting that his crime was not "related to his official duties" as a police officer. Finding no error in the trial court's order denying expungement, we affirm.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2.     Mack was a police officer in September 1999, employed full-time by the Oakland, Mississippi Police Department and part-time by the Tutwiler, Mississippi Police Department. Sixteen-year-old Kendrick Scott was incarcerated at the Sumner, Mississippi jail at that time. Mack, in uniform, went to the back of the Sumner jail where Scott and other trusties were housed.  Mack offered Scott forty dollars for "some back door" (a sexual favor) from Scott.

¶3.     In March 2000, a Tallahatchie County grand jury indicted Mack for furnishing contraband (forty dollars) to "an offender confined in this state, in direct violation of [s]ection 47-5-193" (Count I) and attempted unnatural intercourse (Count II).  Mack pleaded guilty to Count I.  Count II was remanded to the file.  Following Mack's plea hearing on August 7, 2000, the trial court sentenced Mack to five years in the custody of the Mississippi Department of Corrections (MDOC) but suspended execution of the sentence and placed Mack on three years of supervised probation.

¶4.     About three weeks after he was sentenced, Mack (then a felon) violated the terms of his probation by possessing a firearm.  The trial court revoked one year of Mack's suspended sentence and ordered him to serve one year in the custody of the MDOC.

¶5.     In January 2004, Mack was convicted of impersonating a police officer.

¶6.     About seven years later, Mack applied for a certificate of rehabilitation, asserting that he was entitled to such relief because he "ha[d] previously worked in the field of law enforcement, and he [was] desirous of obtaining a Certificate of Rehabilitation so that he

2

[could] possess, use and carry, a firearm, for the purpose of obtaining employment in the field of private security." The trial court held its ruling in abeyance pending a resolution of the outcome of another criminal charge against Mack (extortion).[1] After a hearing, the trial court denied Mack's application, finding that he had not proved he had led a productive and law-abiding life, citing Mack's criminal history following his August 2000 conviction.

¶7. In January 2020, Mack filed an amended[2] petition to expunge his 2000 conviction for furnishing contraband to an inmate—the petition that is the subject of this appeal. The trial court conducted a hearing on Mack's petition on December 4, 2020.

¶8. Michael Bradley, a retired patrol captain for the Senatobia, Mississippi Police Department, testified in Mack's behalf. He testified that Mack deserved a second chance so that he could pursue his dream to again become a police officer and serve his community.

¶9. During cross-examination, Bradley admitted he did not know the circumstances surrounding Mack's 2000 conviction. The State offered into evidence Mack's March 2000 indictment that set forth both counts against him. Mack objected to the indictment being admitted into evidence because Count II for attempted unnatural intercourse had been

---

[1] A Panola County grand jury indicted Mack for extortion based upon events allegedly occurring in December 2005. Mack was tried for that charge, which resulted in a mistrial. He was not retried, and the charge was later remanded to the file. Mack successfully had the charge expunged pursuant to Mississippi Code Annotated section 99-15-26(5) (Rev. 2020), which provides that "the court shall expunge the record of any case in which an arrest was made, the person arrested was released and the case was dismissed or the charges were dropped, there was no disposition of such case, or the person was found not guilty at trial."

[2] The original petition for expungement is not in the record.

remanded to the file. The State argued that the circumstances set forth in Count II describing why Mack had furnished Scott with forty dollars were relevant because Mack was a police officer at the time and, according to the State, was "acting within the color of duty." The State argued that under these circumstances, Mack was not eligible for the expungement he sought as a matter of law pursuant to section 99-19-71(5). The trial court overruled Mack's objection and admitted Mack's March 2000 indictment into evidence.

¶10. Bradley also admitted during cross-examination that he did not know Mack had been convicted of impersonating a police officer in January 2004. But Bradley testified that this information did not change his mind that Mack should be given a second chance.

¶11. A letter from Mack's probation officer Shirley Bradley was also admitted into evidence. In that letter, she said that Mack was "always willing to assist law enforcement, and she believes that he's deserving of a second chance."

¶12. Kendrick Scott testified for the State as its sole witness. He testified that Mack offered him forty dollars for "some back door" when he [Scott] was incarcerated in the Sumner, Mississippi jail in September 1999. Scott had just turned sixteen at the time. He clarified that "back door" was a "sexual favor." Scott testified that Mack was in his police uniform at the time he offered him the forty dollars. Scott was a trusty at the jail, and he said that the event happened at the Sumner jail "in the back" where the trusties were kept.

¶13. The trial court then heard the parties' arguments. Mack asserted that section 99-19-71(5) "very clearly" only relates to convictions "related to [Mack's] official duties."

4

According to Mack, section 99-19-71(5) did not apply in his case because seeking sexual favors is not related to his official duties. Mack also argued that the crime occurred in a different jurisdiction from where he was employed. Specifically, Mack asserted that he was employed full-time by the Oakland Police Department, which is located in Yalobusha County.[3] The crime occurred at the Sumner jail in Tallahatchie County.

¶14. The State argued the testimony established that Mack entered the Sumner jail in uniform, went to an area not readily available to the public (the back where the trusties were housed), and offered a sixteen-year-old incarcerated offender forty dollars for a sexual favor. Under these circumstances, the State asserted, Mack was "acting under color of his authority" as a police officer, and therefore expungement was prohibited under section 99-19-71(5).

¶15. The trial court granted Mack's petition, finding that he had satisfied the requirements for expungement under section 99-19-71(2)(a).

¶16. The State filed a motion to reconsider, asserting that Mack's crime was not eligible for expungement under section 99-19-71(5) for the reasons presented at the hearing on Mack's expungement petition. The State pointed out that the trial court's order did not address the clear prohibition set forth in section 99-19-71(5).

¶17. The trial court entered an order staying execution of its order granting expungement and ordered Mack to respond to the State's motion to reconsider. In his response, Mack

---

[3] At Mack's expungement hearing, the State also presented evidence that Mack was a part-time police officer for the Tutwiler Police Department. Tutwiler is located in Tallahatchie County.

asserted that the State was not entitled to relief because (1) the trial court had heard the parties' arguments (including the State's assertions regarding section 99-19-71(5)) and granted the expungement; and (2) the State made no offer of proof that Mack was acting as a public official or in the course of his public employment at Mack's plea hearing on the underlying crime.

¶18. The trial court granted the State's motion to reconsider and vacated its prior order of expungement. In its August 5, 2021 order, the trial court found:

> Upon further review and consideration of the State's Motion to Reconsider and Mack's response thereto, this Court finds the State's motion is well-taken and that Petitioner Mack is ineligible for an expungement of his conviction in this cause pursuant to [section] 99-19-71(5). As such, this Court's March 5, 2021 order granting Mack an expungement should be vacated. For those same reasons, this Court finds that the relief requested in Mack's Amended Petition for Expungement of Criminal Record should be denied.

¶19. Mack appealed.

## STANDARD OF REVIEW

¶20. Because "[e]xpungement is statutory in nature," this Court "employ[s] a de novo standard of review." *Watson v. State*, 329 So. 3d 1215, 1217 (¶4) (Miss. Ct. App. 2021) (citing *Robertson v. State*, 158 So. 3d 280, 281 (¶3) (Miss. 2015)). In undergoing our de novo review, we also bear in mind that "expungement is an act of legislative grace[,] . . . and no common law right to expungement of criminal records exists." *Id*. at (¶5) (quoting *Polk v. State*, 150 So. 3d 967, 968 (¶6) (Miss. 2014)).

## DISCUSSION

¶21.    Mack asserts that pursuant to section 99-19-71(2), he was entitled to expungement of his felony conviction for furnishing contraband (forty dollars) to Scott.    Section 99-19-71(2)(a) generally allows a person convicted of a felony to "petition the court . . . for an order to expunge one . . . conviction from all public records five . . . years after the successful completion of all terms and conditions of the sentence for the conviction upon a hearing as determined in the discretion of the court."  The court "*may* grant the petition if the court determines, on the record or in writing, that the applicant is rehabilitated from the offense which is the subject of the petition."  Miss. Code Ann. § 99-19-71(2)(b) (emphasis added).  Thus expunction, even if the statutory requirements are met, is discretionary with the court.

¶22.    The Legislature, however, also chose to *prohibit* expungements for certain convictions.  Section 99-19-71(5), for example, provides that "[n]o public official is eligible for expunction under this section for any conviction related to his official duties."  We find that pursuant to this statutory prohibition, Mack was not eligible for expunction of the crime at issue here.  We therefore affirm the trial court's order denying Mack's amended petition for expungement.

¶23.    The testimonies and evidence presented at the hearing on Mack's expungement petition show that Mack was employed as a full-time police officer in Oakland, Mississippi, and a part-time police officer in Tutwiler, Mississippi at the time of his crime.  He was dressed in uniform when he entered the Sumner jail and went into the area where trusties

7

were housed—an area of the jail not accessible to the public. Mack then furnished contraband (forty dollars) to an incarcerated offender (Scott) for "some back door" (a sexual favor).

¶24. Mack admits that he was a police officer at the time of the crime, and he does not dispute that a police officer is a "public official." Mack asserts, however, that "[t]he money and the request for a personal sexual favor from . . . Scott was not in any way related to [his] duties and responsibilities as a . . . police officer." Thus, according to Scott, his crime was not "related to his official duties" under section 99-19-71(5), and he was therefore entitled to expungement.

¶25. We disagree. Although soliciting sexual favors from inmates is certainly not a police officer's "official dut[y]," Mack's opportunity to commit his crime—furnishing contraband to an inmate—was because of his position as a police officer. And as far as sixteen-year-old Scott was concerned, Mack's police uniform "ha[d] the same significance . . . whether [Mack was] technically on or off duty." *See Bates v. State*, 172 So. 3d 805, 810 (¶16) (Miss. Ct. App. 2014) (quoting *State v. DeSanto*, 410 A.2d 704, 705 (N.J. Super. Ct. App. Div. 1980)). As Scott testified, "He [(Mack)] ain't deserving of no second chance. It's that simple, man. That ain't right. He was the police, man. Pulling folks over, man, him talking about sexual favors and stuff like that. That dude don't deserve to be no police officer no more." The crime occurred in the back of the jail where the trusties were housed and was an area closed to the public. But Mack, a police officer, was permitted to enter that particular area and

8

commit his crime. Under these circumstances, we find that Mack's crime was "related to" his official duties and, therefore, could not be expunged pursuant to section 99-19-71(5).

¶26. Mack also asserts that when he pleaded guilty to the subject crime, the State's offer of proof at his plea hearing lacked any allegation that Mack was acting as a public official at the time of the offense. It was not until he sought expungement, Mack asserts, that the State "suddenly allege[d]" that Mack's crime related to his official duties. We find nothing amiss in the State's actions.

¶27. In particular, Mack pleaded guilty in 2000 to furnishing contraband to an inmate in violation of section 47-5-193. At the time, section 47-5-193 prohibited "any officer or employee of the department, of any county sheriff's department, of any private correctional facility in this state in which offenders are confined or . . . *any other person* to furnish, [or] attempt to furnish . . . any offender confined in this state any . . . contraband item." Miss. Code Ann. § 47-5-193.[4] (emphasis added). As such, whether Mack was a public official when he furnished forty dollars to Scott is not an essential element of the crime to which he pleaded guilty. Section 47-5-193 imposed liability on officers as well as "any other person" for the prohibited conduct.

¶28. Whether Mack's crime "related to his official duties" pursuant to section 99-19-71(5) did not become relevant until Mack sought to expunge this crime. Thus, at the hearing on

---

[4] Section 47-5-191 defined "contraband" to include "coin or currency." Miss. Code Ann. § 47-5-191 (Supp. 1995).

9

Mack's expungement petition, the State appropriately presented Scott's testimony and other evidence on this issue. Accordingly, we find that Mack's assertions that the State's actions somehow weigh in favor of expungement are without merit.

¶29. Lastly, Mack asserts that his crime was committed in a different jurisdiction from his place of employment. We do not find that this is a relevant consideration in applying section 99-19-71(5) in this case. It is undisputed that Mack was a police officer dressed in uniform when he committed his crime. Mack's employment as an Oakland and Tutwiler police officer afforded him access to a secure location in the Sumner jail. And although he was in a different jurisdiction, his status as an officer in uniform carried with it "the same significance to [Scott,]" even if he were off-duty. *Bates*, 172 So. 3d at 810 (¶16) (quoting *DeSanto*, 410 A.2d at 705)). We therefore find Mack's "jurisdictional" argument unpersuasive.

¶30. For the reasons addressed above, we affirm the trial court's order denying Mack's amended petition for expungement.

¶31. **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**

10