THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. JOHN T. STATES, DEFENDANT-RESPONDENT.

Argued February 16, 1965—Decided March 29, 1965.

*Mr. Richard S. Cohen,* Assistant Prosecutor, argued the cause for appellant (*Mr. John P. Kozak,* Assistant Prosecutor, of counsel; *Mr. Edward J. Dolan,* Middlesex County Prosecutor, attorney).

*Mr. John A. Craner* argued the cause for respondent.

The opinion of the court was delivered by

FRANCIS, J. Two complaints were filed against defendant John T. States in the Edison Municipal Court. One charged him with assault and battery in violation of the Disorderly Persons Act, *N. J. S.* 2A:170–26, in that "he placed his left hand on the chest of said complainant [Patrolman Garrett Voorhees, Edison Police Department] and shoved said complainant back * * *." The other charged that defendant "did unlawfully possess a dangerous weapon, to wit: a steel link chain with a steel pipe handle, contrary to" the Disorderly Persons Act, *N. J. S.* 2A:170–3.

At the hearing in the municipal court States moved to dismiss the assault and battery complaint because the proper charge against him should have been assault and battery upon a police officer, a high misdemeanor under *N. J. S.* 2A:90–4. In the alternative he moved that the complaint be ordered amended to allege a violation of *N. J. S.* 2A:90–4. Since that offense is a crime over which the magistrate had no jurisdiction, and prosecution for which entitled the accused to indictment by the grand jury and trial by petit jury, States contended the complaint should be dismissed. He contended further that if the complaint were amended to allege the proper offense, the magistrate's authority (in absence of a waiver under *R. R.* 8:3–3(b), (c)) was limited to the conduct of a preliminary examination, and, on a finding of probable cause, to an order holding him for action by the grand jury. In making the motion defendant recognized that the complaint under *N. J. S.* 2A:170–3 for possession of a dangerous weapon as a disorderly persons offense was within the jurisdiction of the municipal court. (In passing it may be

noted that the State did not claim defendant used the so-called dangerous chain in committing the assault and battery. In fact the complaint simply charged unlawful possession of the chain, without even adding the crucial words of *N. J. S.* 2A:170–3, the disorderly persons offense, namely possession "with intent to assault.") He argued, however, that by virtue of an administrative directive dealing with matters of procedure, the magistrate was required to refrain from handling either case pending action by the prosecutor. The purport of the directive is that if two or more complaints against a defendant arising out of a single transaction are filed in the municipal court, and the court lacks jurisdiction of one of them because a crime is charged, to avoid possible double jeopardy problems both complaints should be referred to the county prosecutor for consideration. *Municipal Court Bulletin Letter No. 88* (May 1963); *Municipal Court Bulletin Letter No. 96* (Feb. 1964). In view of our disposition of the case, it is not necessary to consider the effect of the directive. The magistrate denied the motion and proceeded with the trial. At its conclusion he found defendant guilty on both charges and fined him $250 for each offense.

An appeal was taken to the county court. No stenographic record having been made in the municipal court, ordinarily the appeal would have resulted in a full trial *de novo*. Prior to trial, however, defendant moved to dismiss the complaints and to set aside the judgments of conviction on the jurisdictional grounds urged in the municipal court.

The county court granted the motion addressed to the complaint for the assault and battery offense under *N. J. S.* 2A:170–26, reversed the conviction and dismissed the complaint. *State v. States,* 84 *N. J. Super.* 404 (*Cty. Ct.* 1964). He took the view that the complaint should have charged the high misdemeanor covered by *N. J. S.* 2A:90–4, and since the magistrate had no jurisdiction to hear such an offense, the trial and judgment of guilt were a nullity. The disorderly persons complaint arising out of alleged possession of a dangerous weapon was dismissed also and the conviction vacated

on renewal of the motion presented below, because of violation of the administrative directive to which reference has been made. We cannot agree with either ruling.

Prior to January 1, 1952 ordinary assault and battery was a crime, designated in our Crimes Act as a misdemeanor, and punishable by imprisonment for a term not exceeding three years or a fine not exceeding $1,000, or both. *R. S.* 2:103–1, 6. At that time the statute said "assaults, batteries, * * *, and all other offenses of an indictable nature at common law, and not expressly provided for by statute, shall be misdemeanors."

In 1951 the Crimes Act was revised, to be effective January 1, 1952, and assault and battery was downgraded to a disorderly persons offense. *L.* 1951, *c.* 344; *N. J. S.* 2A:170–26. The original language of *R. S.* 2:103–1 relating to assaults and batteries "not otherwise expressly provided for by statute" was also carried into the revision. *N. J. S.* 2A:85–1. Express provisions were made for certain more serious types of assaults and batteries, and many of them were designated as high misdemeanors, for example, atrocious assault and battery, *N. J. S.* 2A:90–1, assault with intent to kill, to commit burglary, kidnapping, rape, robbery or sodomy or carnal abuse of a female under 16 years of age, *N. J. S.* 2A:90–2, assault with a dangerous weapon, *N. J. S.* 2A:90–3, etc. The result of the revision was elimination of the formerly indictable crime of assault and battery, and substitution therefor of the disorderly persons offense triable before a municipal magistrate sitting without a jury. *State v. Fary,* 16 *N. J.* 317, 322 (1954); *State v. Maier,* 13 *N. J.* 235 (1953).

In 1962 the Legislature "expressly provided" for another grade of assault and battery, *i. e.,* assault and battery upon a law enforcement officer. *L.* 1962, *c.* 39; *N. J. S.* 2A:90–4. This statute made such an assault a high misdemeanor under certain circumstances. It provided:

"Any person who commits an assault and battery upon any * * * municipal police officer * * *, acting in the performance of his duties

while in uniform or exhibiting evidence of his authority, is guilty of a high misdemeanor * * *."

Defendant's contention, which was sustained by the county court, is that since defendant's alleged assault in this case was upon a municipal police officer, it was mandatory that the complaint be filed under *N. J. S.* 2A:90–4. Since such an assault is a high misdemeanor, he further insists that the matter had to be presented to the grand jury; also if an indictment were returned he was entitled to a jury trial in the county court. In effect he says that by enacting *L.* 1962, *c.* 39, the Legislature repealed so much of the general assault and battery statute, *N. J. S.* 2A:170–26, as included an assault and battery, of the nature described, on a municipal police officer.

The mere fact that two statutes overlap in prohibiting the same act does not mean that the later law automatically repeals the earlier one *pro tanto,* or that an alleged offender can only be prosecuted for the more serious offense. Repeals by implication are not favored and it is a cardinal rule of statutory construction that both laws should be given effect if reasonably possible. It is not sufficient merely to show that a subsequent act covers some of the cases encompassed by the earlier one. The legislative intention to repeal must be manifest; the language must admit of no other reasonable interpretation. *State v. Fary, supra; Swede v. City of Clifton,* 22 *N. J.* 303, 317 (1956).

We see no such incompatibility between the two enactments under discussion here. In order to justify invocation of *L.* 1962, *c.* 39, the conditions prescribed must be met: (a) the officer must be in uniform; (b) or exhibiting evidence of his authority; and (c) he must be acting in the performance of his duty (or presumably not acting in excess of his authority) when the alleged assault and battery on him takes place. Otherwise the offense, if any, would be a simple assault and battery under *N. J. S.* 2A:170–26. It might be also that the attack on the officer was of such an inconsequen-

tial character that the prosecuting authority would not feel justified in charging the more serious offense. Relevant practical factors as well as considerations of fair play, and the reasonable expectations of the Legislature and the public relating to control of the conduct proscribed, are permitted to influence the discretion of the proper authority as to the course to be followed. See *State v. Currie*, 41 *N. J.* 531 (1964); *State v. Berry*, 41 *N. J.* 547 (1964).

In the many situations where criminal statutes overlap in prohibiting the same basic act, the proper prosecuting authority in the sound exercise of the discretion committed to him may proceed under either act. *Cf. State v. Reed*, 34 *N. J.* 554, 573 (1961); *State v. Mark*, 23 *N. J.* 162 (1959); *State v. Fary, supra* (16 *N. J.,* at *p.* 323); *State v. Labato*, 7 *N. J.* 137 (1951); *United States v. Garnes*, 258 *F. 2d* 530 (2 *Cir.* 1958).

In the present case, the police officer, who allegedly was assaulted by the defendant, made and swore to the complaint filed in the magistrate's court. By specific reference to the statute, *N. J. S.* 2A:170–26, the complaint charged defendant with simple assault and battery. The offense was described as a placing of defendant's left hand on the complainant's chest and shoving him back. Obviously the allegations do not assert a high misdemeanor of the nature specified by *N. J. S.* 2A:90–4. The complaint, unlike that involved in *State v. LeJambre*, 42 *N. J.* 315 (1964), pleaded the disorderly persons offense of assault and battery the trial of which was within the jurisdictional competence of the magistrate.

When the complaint was presented to the magistrate, and later when defendant's motion was made to dismiss it for want of jurisdiction or to amend it to allege the high misdemeanor, there is no doubt that on its face the case was properly before him. Therefore a decision to entertain the complaint or to refer it to the prosecutor was a matter involving exercise of his discretion. On the record before us, we find no justifiable reason for interfering with the decision made.

 If the complaint had alleged violation of *N. J. S.* 2A:90–4, the high misdemeanor, the magistrate would have had no jurisdiction. *State v. LeJambre, supra;* and, see *R. R.* 8:3–3(b), (c); *R. R.* 8:4–2. In that situation he could not have downgraded the charge to assault and battery, so as to bring it within his authority, unless the consent of the prosecutor was first obtained. *State v. LeJambre, supra; State v. Dixon,* 40 *N. J.* 180 (1963). With respect to cases like the present one, we add a cautionary note. Even where the complaint on its face is within the magistrate's jurisdictional ambit, care should be used in reaching a decision to proceed with the trial. As a matter of practice any reasonable doubt on the subject ought to be resolved by consultation with the prosecutor. We add that the record before us makes plain that the prosecutor, although not consulted prior to trial, is in accord with the procedure followed by the municipal magistrate in this case. (This does not mean that the prosecutor expressed a view as to defendant's guilt or innocence of the charge of assault and battery, or as to the excessiveness of the fines imposed. These aspects of the case were not considered in the county court.)

For the reasons outlined, we hold the opinion that the municipal magistrate had jurisdiction of the complaints against defendant. Moreover, we find no abuse of discretion on his part in accepting them and conducting the trial in his court.

 It is unusual to find a defendant contending that he should not be tried on a disorderly persons charge, but rather for a high misdemeanor, conviction of which would give him a criminal record. Defendant points to the fines assessed against him, which he alleges are grossly disproportionate to the nature of the offense, as the reason for his attack on the jurisdiction of the municipal court. In this connection a trial *de novo* in the county court concerns itself not only with the issue of guilt or innocence, but calls for the exercise of the independent judgment of that court in the matter of sentence.

*State v. Mull,* 30 *N. J.* 231, 239 (1959) ; *R. R.* 3:10–10(e) ; *N. J. S.* 2A:3–6.

· The order of the county court reversing the judgments of conviction and dismissing the complaints is reversed. The cause is remanded to the county court for a *de novo* trial of both complaints.

*For reversal and remandment*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For affirmance*—None.