STATE OF NEW JERSEY, PLAINTIFF, v. JOHN G. ALLEN, DEFENDANT.

Superior Court of New Jersey
Law Division Burlington County

Decided May 11, 1989.

*Deborah A. Siegrist* for plaintiff (*Stephen G. Raymond,* Prosecutor of Burlington County, attorney).

*Richard H. Kress* for defendant.

HAINES, A.J.S.C.

Our municipal courts may be our most important courts. They decide more disputes, and therefore, engage more of our citizens than any other court. Their decisions very significantly

affect the lives and livelihoods of hundreds of thousands of defendants. The issues they entertain frequently involve novel and complex questions of law, many of which are of constitutional dimension. Informal procedures, once acceptable in these courts, are so no longer. Lawyers, as well as *pro se* defendants, appearing in them must be as vigilant in observing the rules of evidence and the rules of procedure as they are in any other court. Only then can the rights of all parties be protected. Defendants who choose to appear without counsel risk the unfortunate consequences attending a lack of knowledge of the law. The same rules apply to them as apply to those who are represented. This opinion underlines the need to make objections and raise issues during trial proceedings at the municipal court level. It holds that the failure to object to otherwise inadmissible hearsay evidence cannot be cured by taking an appeal to be heard "de novo on the record."

John G. Allen was charged with following too closely, *N.J. S.A.* 39:4–89, and leaving the scene of an accident, *N.J.S.A.* 39:4–129. The charges stem from an accident which occurred on the New Jersey Turnpike when a tractor trailer, allegedly driven by Allen, changed lanes, struck an automobile in the rear and knocked it into a ditch. Allen's defense was that he had not been involved in the accident and had no knowledge or reason to know of its occurrence (a proper defense to the charge of leaving the scene). He was found guilty of both charges in the municipal court and now appeals. The court below found that Allen knew or should have known that he was involved in an accident. The evidence was sufficient to support that factual conclusion and it will not be disturbed here, particularly since weight must be given to the ability of the municipal court judge to see the witnesses and hear the testimony. *State v. Johnson*, 42 *N.J.* 146, 157 (1964).

A second issue, however, must be addressed. Allen was identified as the tractor-trailer driver on the basis of hearsay evidence alone. No objection was made to its admission until the close of the State's case. It is argued, nevertheless, that

the objection was timely and, in any event, must be considered by this appellate court since appeals provide a trial "de novo on the record." *R.* 3:23–8 provides that appeals from municipal courts shall "be heard de novo on the record." Our cases have not clarified the meaning of that language.

The principal witness for the State was a trooper who identified Allen as the driver of the Royal tractor trailer in the course of the following exchange:

Q. Okay. And the defendant, Mr. John Allen, was he the operator of the Royal (phonetic) truck?

A. From investigation, yes. Ah, the Royal truck did not stop. At the accident scene I did not get a chance to, ah, take any statements from Mr. Allen. What I did get was a license plate number from the truck, from a, ah, witness that did not give his name. I contacted ... or looked up the, ah, license plate through the Division of Motor Vehicles, the computer, and, ah, it came back to the same Royal (phonetic) truck that I observed or at least a Royal (phonetic) truck that I observed. I then contacted Royal Foods and they stated that, ah, it was Mr. Allen driving that vehicle that day.

No objection was made to the admission of this evidence by defense counsel until the State had rested. He then moved to dismiss the complaint on the ground that the State had failed to carry its burden of proof, since it had not identified defendant as the driver except by hearsay. The municipal court denied the motion stating that "the hearsay evidence did get in without objection so it's now part of the record and the court will rule that a prima facie case has been made out."

Defendant now raises the hearsay objection on appeal. It is the State's position that the objection below was made too late and cannot be raised in the course of this appeal. *R.* 3:23–8 (incorporated in the municipal court rules by *R.* 7:8–1) provides in pertinent part as follows:

... the trial of the appeal shall be heard de novo on the record unless it shall appear that the rights of either party may be prejudiced by a substantially unintelligible record or that the rights of defendant were prejudiced below in which event the court to which the appeal has been taken may either reverse and remand for a new trial or conduct a plenary trial de novo without a jury.

This language might be read, in its reference to "on the record," as limiting the record to the *evidence* produced below

or, as the prosecutor contends, as limiting the record not only to that evidence but also to the issues raised below. If the defense argument is correct, new issues of law may be raised at the appellate level regardless of the opportunity of the municipal court judge to consider them or the opportunity of the State to meet them with additional proofs. I conclude that the defense position is wrong, with certain general exceptions not applicable here.

In *State v. Johnson* the Court said that the function of a Law Division judge considering an appeal from a municipal court "is to determine a case completely anew on the record made in the Municipal Court, giving due, although not necessarily controlling, regard to the opportunity of the magistrate to judge the credibility of the witnesses." 42 *N.J.* at 157. In *State v. States*, 44 *N.J.* 285 (1965), the Court said that "a trial *de novo* in the county court [now Superior Court] concerns itself not only with the issue of guilt or innocence, but calls for the exercise of the independent judgment of that court in the matter of sentence." *Id.* at 293. These references, which do not address the present issue, are offered as background. Of some help is *State v. Lanish*, 103 *N.J.Super.* 441 (App.Div. 1968), in which the court held that the *de novo* review is "*appellate.*" To the same effect is *City of Passaic v. Passaic County*, 54 *N.J.Super.* 254, 259 (App.Div.1959). Courts undertaking appellate reviews are not permitted to consider issues which were not raised below unless they are jurisdictional, constitutional or amount to plain error. *State v. Ross*, 189 *N.J.Super.* 67, 74 (App.Div.1983) (constitutional or jurisdictional defects); *State v. Kyles*, 132 *N.J.Super.* 397 (App.Div.1975) (plain error); and *R.* 2:10–2 which provides:

> Any error or omission shall be disregarded by the appellate court unless it is of such nature as to have been clearly capable of producing an unjust result, but the appellate court may, in the interests of justice, notice plain error not brought to the attention of the trial or appellate court.

This rule concerns only the Appellate Division; it is clear, however, that plain error must be considered in municipal court

appeals to the Law Division as well. *State v. Emery,* 27 *N.J.* 348, 359 (1958).

The admission of the hearsay evidence here is not an error of constitutional or jurisdictional dimension. (Note that even constitutional issues not raised below may not be considered on appeal unless they substantially implicate the public interest. *Ferraro v. Demetrakis,* 167 *N.J.Super.* 429, 431–432 (App.Div.1979), certif. den. 81 *N.J.* 290 (1979)). Nor can it be said that the acceptance of the evidence constituted plain error. "Plain error" is defined as "legal impropriety . . . prejudicially affecting the substantial rights of the defendant and sufficiently grievous to justify notice by the reviewing court and to convince the court that of itself the error possessed the clear capacity to bring about an unjust result." *State v. Hock,* 54 *N.J.* 526, 538 (1969), *cert.* den. 399 *U.S.* 930, 90 *S.Ct.* 2254, 26 *L.Ed.*2d 797 (1970) (error in a jury charge).

In the present case, the testifying trooper saw the accident and took down the license number of the tractor trailer. He obtained the name of the driver by calling the driver's employer. The defense argument, made after the State had rested, did not specifically object to the *admission* of the hearsay evidence; its only insistence was that the evidence did not satisfy the State's burden of proof because it was hearsay. Consequently, both the facts and the lack of any specific objection to the evidence require the conclusion that its hearsay nature did not have the "clear capacity to bring about an unjust result," and therefore, was not plain error.

Furthermore, the conduct of the trial below was in the hands of the municipal court judge. Exercising reasonable discretion, he could have erased the hearsay evidence and then permitted the State to reopen for the purpose of supplying any deficiency in the proofs. *State v. Menke,* 25 *N.J.* 66, 70–71 (1957); *State v. O'Keefe,* 135 *N.J.Super.* 430 (Law Div.1975). However, in the instant case, the State was given no opportunity to present proof other than hearsay with which to prove the identity of the

driver. The State would be prejudiced unacceptably under these circumstances if this court agreed to consider the hearsay objection. It comes too late. The same rule, of course, applies when the State is the party failing to object. *State v. Mahoney*, 226 *N.J.Super.* 617 (App.Div.1988).

### Conclusion.

John G. Allen is guilty as charged and must appear for sentencing on a date to be fixed by the court.