**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1098-16T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

STANLEY BUTLER,

    Defendant-Appellant.

_____

        Submitted October 16, 2018 – Decided February 21, 2019

        Before Judges Suter and Geiger.

        On appeal from Superior Court of New Jersey, Law Division, Ocean County, Municipal Appeal No. 25-15.

        Levow DWI Law, PC, attorneys for appellant (Evan M. Levow, of counsel and on the brief; Sandra L. Battista, on the brief).

        Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel J. Marzarella, Chief Appellate Attorney, of counsel; William Kyle Meighan, Senior Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Stanley Butler appeals his conviction for driving while intoxicated (DWI). He claims the police did not have a reasonable, articulable basis to stop his vehicle, probable cause for his DWI arrest nor proof necessary for a conviction. We affirm, finding ample support in the record.

I.

Patrolman Michael Perkins of the Beach Haven Borough Police Department testified he was on patrol at midnight when he saw a vehicle exit a bar and restaurant. He followed the vehicle for about a mile, during which time the driver made a "California stop," described as stopping briefly at a stop sign, and appeared to weave within the lane. At Taylor Avenue, instead of driving straight, he "swerved over into the bicycle lane." Patrolman Perkins pulled over the vehicle.

The driver (defendant) was smoking a cigarette as Patrolman Perkins approached; he put it out on the center console. Defendant's face was red and his eyes glassy. Perkins detected a faint odor of alcohol on his breath. Perkins asked defendant for his driver's license, registration and insurance. His driver's license was suspended in Pennsylvania; he had no license in New Jersey, only identification.

A-1098-16T3

Patrolman James Lemmo was called to the scene. He was certified to administer the horizontal gaze nystagmus (HGN)[1] test but Perkins was not. He spoke with defendant, who remained in the vehicle, and detected the smell of alcohol on defendant's breath. Defendant was speaking with a slight lisp. Patrolman Lemmo saw that defendant had coins underneath his tongue. Defendant spit them out at Officer Lemmo's request. Defendant was able to recite the alphabet, although with some hesitation.

Patrolman Lemmo administered standardized field sobriety tests to defendant, who was polite and cooperative. When defendant stepped out of the car for the tests, "he appeared to stumble." Defendant had difficulty following directions on the HGN test and showed "lack of smooth pursuit in the eyes" and

---

[1] "The HGN test is based on the observation of three different physical manifestations which occur when a person is under the influence of alcohol: (1) the inability of a person to follow, visually, in a smooth way, an objection that is moved laterally in front of the person's eyes; (2) the inability to retain focus and the likelihood of jerking of the eyeball when a person has moved his or her eye to the extreme range of peripheral vision; and (3) the reported observation that this 'jerking' of the eyeball begins before the eye has moved 45 degrees from forward gaze if the individual's BAC [(Blood Alcohol Content)] is .10 [percent] or higher." State v. Doriguzzi, 334 N.J. Super. 530, 536 (App. Div. 2000) (alteration in original) (quoting State v. Ito, 90 Haw. 225, 231 (Haw. Ct. App. 1999)).

"nystagmus,"[2] although not sustained. Based on that, defendant was required to perform other tests. On the walk and turn test, defendant raised his arms for balance, contrary to the instructions, did not step heel-to-toe and swayed back and forth. On the one-legged stand test, he swayed back and forth and raised his arms before the officer stopped the test so that defendant did not fall. Defendant was arrested for DWI and taken to police headquarters where, after being advised of his rights, he twice refused to submit to a breathalyzer (Alcotest) test.

Defendant was charged with DWI, N.J.S.A. 39:3-40; refusal to submit to breath testing, N.J.S.A. 39:4-50.4a; failure to maintain a lane, N.J.S.A. 39:4-88(b); and driving while suspended, N.J.S.A. 39:3-40. His pretrial motion to suppress evidence was denied. At the municipal court trial, the judge found Patrolman Perkins was "very credible." Based on his testimony, the judge found that defendant swerved into the bike lane, smelled of a faint odor of alcohol, and had a red face and glassy eyes. She viewed the video tape of the traffic stop and sobriety tests, confirming Patrolman Lemmo's testimony that defendant "[was] way off balance in the heel step test" and during the one-legged stand test,

---

[2] Nystagmus is the involuntary rhythmic oscillation or movement of the eyeballs. Stedman's Medical Dictionary 1350 (28th ed. 2006).

4

"look[ed] like he[] [was] going to fall over."  Defendant was convicted of all the charges.[3]

The municipal court judge sentenced defendant on the DWI charge as a second offender, revoked his driver's license for two years, required him to attend forty-eight hours at the "Intoxicated Driver Resource Center (IDRC)" and to provide thirty days of community service.  He was incarcerated at IDRC for two days and ordered to use a motor vehicle interlock for one year.[4]

On appeal to the Law Division, Judge Melanie Appleby heard the matter de novo on the municipal court record.  She found defendant guilty on all charges, and imposed the same sentences as the municipal court.  In her written decision Judge Appleby found "there was reasonable suspicion to justify the

---

[3] Defendant's brief only challenges the DWI conviction.  He has waived other issues by not raising them on appeal.  Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) (citing Jefferson Loan Co. v. Session, 397 N.J. Super. 520, 525 n. 4 (App. Div. 2008) and Zavodnick v. Leven, 340 N.J. Super. 94, 103 (App. Div. 2001)); see Pressler & Verniero, Current N.J. Court Rules, comment 5, R. 2:6-2 (2018).

[4] The court imposed a seven-month driver's license suspension for defendant's refusal to submit to breath testing that was consecutive to the DWI sentence.  He also was ordered to serve twelve hours at the IDRC and to have an interlock device for a year.  The court imposed a ninety-day license suspension and two days at the IDRC for driving while suspended.  All of these sanctions were concurrent to the DWI charge.

A-1098-16T3

investigatory stop" based on "the totality of the circumstances." The motor vehicle stop was justified when defendant failed to maintain his lane of travel by going into the bike lane. Defendant's appearance and odor warranted further inquiry and administration of the sobriety tests. Defendant did not successfully complete the tests. The court found that the patrolman "had probable cause to arrest [d]efendant for driving while intoxicated based on [d]efendant's actions, physical presentation and failure to successfully complete the [f]ield [s]obriety [t]est." The court concluded the State met its burden of proving the elements of DWI beyond a reasonable doubt "considering the totality of the circumstances, and the credible testimony of Officer Perkins and Officer Lemmo."[5]

Defendant raises the following issues on appeal:

> POINT I.  NO PROBABLE CAUSE EXISTED TO STOP APPELLANT'S VEHICLE, THEREFORE ALL EVIDENCE SHOULD HAVE BEEN SUPPRESSED.
>
> POINT II. NO REASONABLE AND ARTICULABLE SUSPICION OF INTOXICATION EXISTED TO HAVE APPELLANT EXIT THE VEHICLE AND BE SUBJECTED TO FIELD SOBRIETY TESTING.
>
> POINT III. THE COURT BELOW FAILED TO APPLY THE TOTALITY OF THE CIRCUMSTANCES TEST, WHICH, WHEN

---

[5] The court made similar findings for each of the other charges: unsafe lane change, refusal to submit a breath sample and driving while suspended.

6

APPLIED, REVEALS NO PROBABLE CAUSE TO
ARREST APPELLANT.

POINT IV. THE DETENTION OF APPELLANT
EXCEEDED A REASONABLE TIME UNDER THE
CIRCUMSTANCES, THEREFORE, THE SEIZURE
WAS UNCONSTITUTIONAL AND THE EVIDENCE
OBTAINED AS A RESULT.

POINT V. THE EVIDENCE FAILS TO PROVE
BEYOND A REASONABLE DOUBT THAT
APPELLANT OPERATED A MOTOR VEHICLE
WHILE UNDER THE INFLUENCE OF ALCOHOL.

There is no merit to these issues.

II.

On appeal, we "consider only the action of the Law Division and not that of the municipal court." State v. Oliveri, 336 N.J. Super. 244, 251 (App. Div. 2001) (citing State v. Joas, 34 N.J. 179, 184 (1961)). Under Rule 3:23-8(a)(2), the Law Division makes independent findings of fact and conclusions of law de novo, based on the record from the municipal court. See State v. States, 44 N.J. 285, 293 (1965). We determine "whether the findings made could reasonably have been reached on sufficient credible evidence present in the record." State v. Locurto, 157 N.J. 463, 471 (1999) (quoting State v. Johnson, 42 N.J. 146, 161-62 (1964)). Our review of legal determinations is plenary. See State v. Handy, 206 N.J. 39, 45 (2011).

A-1098-16T3

"A lawful roadside stop by a police officer constitutes a seizure under both the Federal and New Jersey Constitutions." State v. Dunbar, 229 N.J. 521, 532 (2017) (citing Arizona v. Johnson, 555 U.S. 323, 333 (2009)). To stop a vehicle, the officer must have "'a reasonable and articulable suspicion that the driver of a vehicle, or its occupants, is committing a motor-vehicle violation or a criminal or disorderly persons offense.'" Id. at 533 (quoting State v. Scriven, 226 N.J. 20, 34-34 (2016)). See State v. Rosario, 229 N.J. 263, 272 (2017) (second alteration in original) (quoting State v. Stovall, 170 N.J. 346, 356 (2002)) (explaining that "an investigatory detention . . . must be based on an officer's 'reasonable and particularized suspicion . . . that an individual has just engaged in, or was about to engage in, criminal activity'").

Once a vehicle is stopped, "a police officer may inquire 'into matters unrelated to the justification for the traffic stop.'" Dunbar, 229 N.J. at 533 (quoting Johnson, 555 U.S. at 333). An officer may check the driver's license, inspect the vehicle's registration and proof of insurance. Ibid. If then, "the circumstances 'give rise to suspicions unrelated to the traffic offense, an officer may broaden [the] inquiry and satisfy those suspicions.'" Ibid. (alterations in original) (quoting State v. Dickey, 152 N.J. 468, 479-80 (1998)).

In Dunbar, the Court addressed the standard to use for conducting a canine sniff of a vehicle stopped for a motor vehicle violation. 229 N.J. at 536. The Court said "[a] lawful traffic stop can transform into an unlawful detention 'if its manner of execution unreasonably infringes' on a constitutionally protected interest." Dunbar, 229 N.J. at 533 (quoting Illinois v. Caballes, 543 U.S. 405, 407 (2005)). The Court gave as an example where "the officer overly broadens the scope or prolongs the stop, absent independent reasonable suspicion." Id. at 539. It is against this framework that we review the trial court's order.

We reject defendant's argument that there was no reasonable and articulable suspicion of a motor vehicle violation to stop his vehicle. Patrolman Perkins testified he observed defendant for more than a mile. He saw him stop quickly at one stop sign and weave, but he did not stop him. Then, he saw defendant swerve into the bicycle lane, which violated N.J.S.A. 39:4-88(b). At that point, the officer had a reasonable and articulable suspicion that defendant committed a motor vehicle violation. This was a sufficient basis to stop defendant in his vehicle.

When the officer approached defendant's vehicle and spoke with him, he detected the faint smell of alcohol, his eyes were glassy and his face red. Defendant oddly extinguished his cigarette on the center console. All of these

circumstances gave Officer Perkins a reasonable and articulable suspicion that defendant may be intoxicated.

Officer Perkins was well within the law to broaden his inquiry. The officer inquired about defendant's driver's license and learned that the Pennsylvania license was suspended.

Because Officer Perkins was not certified to administer the field sobriety tests, Officer Lemmo, who was certified, came to the scene. At the de novo hearing in the Law Division, defendant argued for the first time that the motor vehicle stop was delayed unreasonably because Officer Lemmo did not arrive for thirty minutes. The State argued that the videotape showed otherwise.

"[A]n investigative stop becomes a de facto arrest when 'the officers' conduct is more intrusive than necessary for an investigative stop.'" Dickey, 152 N.J. at 478 (quoting United States v. Jones, 759 F.2d 633, 636 (8th Cir. 1985)). Even brief detentions can be unreasonable if they do not use the "least intrusive investigative techniques reasonably available to verify or dispel suspicion in the shortest period of time reasonably possible." State v. Davis, 104 N.J. 490, 504 (1986).

Even if the timeframe were as defendant suggests, there was no constitutional violation. Officer Perkins had an independent and reasonable

articulable suspicion that defendant was intoxicated based on defendant's breath, appearance and speech. He was then investigating the suspected motor vehicle violation of driving while intoxicated. "Much as a 'bright line' rule would be desirable, in evaluating whether an investigative detention is unreasonable, common sense and ordinary human experience must govern over rigid criteria." Dickey, 152 N.J. at 476-77 (quoting United States v. Sharpe, 470 U.S. 675, 685 (1985)). The thirty-minute delay was not unreasonable under the circumstances.

We also agree there was no constitutional violation by asking defendant to step out of his car to perform sobriety tests. This was, at best, only a de minimis intrusion on defendant's privacy interest. See State v. Smith, 134 N.J. 599, 610 (1994). There was a reasonable basis for testing based on defendant's appearance, odor and conduct.

Defendant argues there was no probable cause for the DWI arrest. "Probable cause exists where the facts and circumstances within . . . [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a [person] of reasonable caution in the belief that an offense has been or is being committed." State v. Moore, 181 N.J. 40, 46 (2004) (alterations in original) (quoting Schneider v. Simonini, 163 N.J. 336, 361 (2000)). "In determining whether there was probable cause to make

A-1098-16T3

an arrest, a court must look to the totality of the circumstances . . . ." State v. Basil, 202 N.J. 570, 585 (citing Illinois v. Gates, 462 U.S. 213, 238 (1983)).

Defendant failed the field sobriety tests and was arrested. We agree with the trial court that the totality of the circumstances—defendant's appearance, odor, actions and sobriety testing—gave the officers a well-grounded suspicion that defendant was driving while intoxicated.

The record provided ample evidence supporting defendant's conviction for DWI. N.J.S.A. 39:4-50(a) prohibits the operation of a motor vehicle under the influence of intoxicating liquor. State v. Cryan, 363 N.J. Super. 442, 455 (App Div. 2003). "In a case involving intoxicating liquor, 'under the influence' means a condition which so affects the judgment or control of a motor vehicle operator 'as to make it improper for him to drive on the highway.'" Ibid. (quoting Johnson, 42 N.J. at 165). See Oliveri, 336 N.J. Super. at 251-52 (sustaining DWI conviction based on officer's observations of watery eyes, slurred and slow speech, staggering, inability to perform field sobriety tests, and defendant's admission to drinking alcohol earlier in the day).

A defendant's demeanor, physical appearance, slurred speech, and bloodshot eyes, together with an odor of alcohol, are sufficient to sustain a DWI conviction. See State v. Bealor, 187 N.J. 574, 588-89 (2006); see also Oliveri,

336 N.J. Super. at 251-52.  Judge Appleby did not err in finding that evidence satisfied these standards beyond a reasonable doubt and in convicting defendant of driving while intoxicated, N.J.S.A. 39:4-50.

Defendant's remaining arguments lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1098-16T3