**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5691-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

S.E.,

     Defendant-Appellant.

_____

Argued October 17, 2019 – Decided  December 30, 2019

Before Judges Alvarez and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Municipal Appeal No. 17-14.

Philip G. Pagano argued the cause for appellant.

Dina Rochelle Khajezadeh, Assistant Prosecutor, argued the cause for respondent (Bradley D. Billhimer, Ocean County Prosecutor, attorney; Samuel J. Marzarella, Chief Appellate Attorney, of counsel; Cheryl L. Hammel, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant S.E.[1] pleaded guilty in Toms River Township Municipal Court to driving while intoxicated, N.J.S.A. 39:4-50. Prior to sentencing, defendant requested to withdraw her plea. The municipal court judge denied defendant's motion, sentencing defendant to a ninety-day license suspension, fines and penalties. Defendant appealed to the Law Division, but her motion to withdraw her plea again was denied. Defendant appeals the order entered on June 27, 2018.[2] She claims the trial court erred by not vacating the plea based on the common law defense of necessity. She also alleges a Brady violation occurred, requiring the plea to be vacated. We discern no legal or constitutional error and affirm the order denying withdrawal of the plea.

I.

Based on information from a tow truck driver, officers from the Toms River Police Department found defendant asleep in the driver's seat of her car at 2:00 a.m. on September 19, 2015, in the parking lot of a food store. The keys were in the ignition and the lights were on. Her dog was in the car. A patrolman

---

[1] We use initials for defendant's name because of the allegations involving domestic violence. R. 1:38-3(d)(9).

[2] Defendant's motion was denied by order dated May 23, 2018. There was a clerical error in that order. The June 27, 2018 order corrected the clerical error and reiterated that defendant's motion was denied.

roused her by knocking several times on the window. Defendant "fumbled" with the keys, turned off the vehicle, turned the key into the auxiliary position, and opened the window. The patrolman reported "a strong odor of an alcoholic beverage." Defendant's eyes reportedly were "bloodshot and watery;" her hand movements were "slow." She told the patrolman she had "[a] lot" to drink or "words to that effect." She told the patrolman "she was having problems at home and just wanted to sleep in the parking lot for the night." Defendant would not elaborate on the issues but told the patrolman her boyfriend was "not being nice to me."

Exiting the vehicle for the field sobriety tests, defendant was "swaying for balance and staggering when she walked." She told the patrolman she had consumed "[seven] shots of Jack Daniels Whiskey." She denied she was injured in any way. She did not want to perform the sobriety tests because she would "fail." Defendant was arrested for driving while under the influence. Her breath samples yielded a blood alcohol level of .19 percent. Defendant was charged with reckless driving, N.J.S.A. 39:4-96, and driving while intoxicated (DWI), N.J.S.A. 39:4-50.

In March 2016, with representation by a Public Defender, defendant pleaded guilty to a first offense DWI violation.[3] Defendant did not raise common law necessity as a defense. She did not mention that on September 19, 2015, when she was arrested, she had been assaulted by her boyfriend. Defendant answered affirmatively she understood the plea, was not forced to accept it, and waived her right to a trial. She answered "yes" that she understood by pleading guilty, she was admitting consuming alcohol, operating a vehicle and that she had done so under the influence of alcohol. She was sentenced to a ninety-day suspension of her driving privileges, twelve hours at the Intoxicated Drivers Recovery Center and fines, court costs and surcharges.[4] The other charges were dismissed.

In October 2016, defendant filed a motion to vacate her guilty plea. In her supporting certification, she alleged on the night she was arrested for DWI in September 2015, her boyfriend dragged her out of bed by her leg while she

---

[3] The blood alcohol reading was not the basis for her guilty plea because of a proof issue. Defendant's counsel advised that the case was before the municipal court "without reading, there being a [twenty]-minute issue with regard to the Alcotest administration." This is an apparent reference to State v. Chun, 194 N.J. 54, 79 (2008).

[4] These included $306 in fines, $33 in court costs, $50 to the Violent Crimes Compensation Bureau, a $225 DWI surcharge and a $75 assessment to the Safe Neighborhood Services Fund.

was asleep, struck her in the face and head, several times, knocked her to the floor, grabbed her purse and threw her out the door, locking it. She claimed she was "hurting, disoriented and in severe pain." She had no cell phone service. Defendant drove to the parking lot where she was found. Defendant claimed she was "scared, injured and terrified" and "hiding out away from [her boyfriend]."

Defendant's certification alleged that subsequent to her DWI arrest, she was assaulted twice by her boyfriend in October 2015, causing her injuries requiring hospitalization. She obtained a temporary restraining order. She asserted he assaulted her twice again in December 2015, and she obtained a final restraining order. Defendant claimed she was not provided with discovery about the DWI charge nor did she speak with her Public Defender or review the proofs against her.

Defendant argued the plea was not knowingly or intelligently entered because she was not advised of her right to assert necessity as a defense. Her counsel argued the Slater[5] factors were satisfied.

In June 2017, the municipal court judge denied defendant's motion to vacate her guilty plea, finding there was nothing to indicate there was a necessity

---

[5] State v. Slater, 198 N.J. 145, 157-58 (2009).

defense. The prosecutor's "Google search" indicated defendant had been driving "a couple miles from the house . . . ." Defendant's certification did not allege she told the patrolman or her attorney about the September 2015 assault. The subsequent assaults did not support a necessity defense for this DWI charge.

The municipal court judge granted defendant's motion to require the Toms River Police Department to provide defendant with a copy of her mugshot taken after her arrest in September 2015. The judge denied defendant's request to supplement the record with the mugshot.

Defendant's appeal to the Law Division was denied on May 23, 2018. That court also rejected the necessity defense. Relying on defendant's certification, the court found defendant's boyfriend was in the house and "did not follow [d]efendant, nor continue to assault her outside of the home." She "could have walked to a neighbor's home and requested help." She was not in "present danger" when she chose to drive her vehicle a few miles to the supermarket parking lot. The court noted this case was different from Romano[6] where the defendant was assaulted by multiple assailants who were following him, "rocking his vehicle while threatening to kill him." Defendant "had multiple other options after the assault ended instead of getting into her vehicle

_____

[6] State v. Romano, 355 N.J. Super. 21 (App. Div. 2002).

6

and driving in order to find somewhere to sleep."  She could have "asked to use someone's phone."  She did not tell the police about the assault.

The court found the defense of necessity, under which defendant acknowledged driving while intoxicated, was not consistent with the first factor under Slater that required a "colorable claim of innocence."  Defendant did not explain why the defense of necessity was "forgotten or missed" as required under the second Slater factor.  She did not tell the police or her attorney she had been assaulted.  The court gave "moderate weight" to the existence of the plea under the third Slater factor.  The court found under the fourth factor there would be no real prejudice to the State or unfair advantage to the accused if the plea were withdrawn.  Defendant's appeal was denied.

On appeal, defendant raises these issues:

POINT ONE

THE COURT BELOW ERRED IN DENYING THE DEFENDANT'S MOTION TO VACATE HER GUILTY PLEA UNDER THE FACTS AND CIRCUMSTANCES OF THIS CASE UNDER PRINCIPLES OF LAW.

POINT TWO

THE COURT BELOW ERRED IN NOT DETERMINING THAT THE BRADY VIOLATION WARRANTED THAT THE COURT VACATE DEFENDANT'S GUILTY PLEA.

7

## II.

On appeal, we consider only "the action of the Law Division and not that of the municipal court." State v. Palma, 219 N.J. 584, 591-92 (2014) (quoting State v. Joas, 34 N.J. 179, 184 (1961)). Under Rule 3:23-8(a)(2), the Superior Court makes independent findings of fact and conclusions of law de novo, based on the record from the municipal court. See State v. States, 44 N.J. 285, 293 (1965). Our review is to determine "whether the findings made could reasonably have been reached on sufficient credible evidence present in the record." State v. Locurto, 157 N.J. 463, 471 (1999) (quoting State v. Johnson, 42 N.J. 146, 161-62 (1964)). Our review of legal determinations is plenary. See State v. Handy, 206 N.J. 39, 45 (2011).

Defendant appeals the denial by the Law Division of her request to vacate her guilty plea. "In moving to withdraw a guilty plea, the defendant bears the burden of presenting a 'plausible basis for [her] request' and a good-faith basis 'for asserting a defense on the merits.'" State v. Munroe, 210 N.J. 429, 442 (2012) (quoting State v. Smullen, 118 N.J. 408, 416 (1990)). "Before sentencing, the standard for plea withdrawal is 'the interests of justice.'" State v. Lipa, 219 N.J. 323, 332 (2014) (quoting R. 3:9-3(e)).

In Slater, the Court set forth factors to assess claims to withdraw a guilty plea. Specifically,

> [i]n evaluating motions to withdraw a guilty plea, trial courts should consider the following factors: (1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused.
>
> [Slater, 198 N.J. at 150.]

We review "the trial court's denial of defendant's request to withdraw [her] guilty plea [for ] . . . an abuse of discretion which renders [a] lower court's decision clearly erroneous." Lipa, 219 N.J. at 332 (quoting State v. Simon, 161 N.J. 416, 444 (1999)).

Defendant argued the common law defense of necessity applied to create a colorable claim of innocence under the Slater analysis. The common law defense of necessity has been applied in defense of a DWI charge. See Romano, 355 N.J. Super. at 30 (applied where defendant was being severely beaten by several assailants).

> The elements of the common law defense of necessity are:
>
> (1) There must be a situation of emergency arising without fault on the part of the actor concerned;

(2) This emergency must be so imminent and compelling as to raise a reasonable expectation of harm, either directly to the actor or upon those he was protecting;

(3) This emergency must present no reasonable opportunity to avoid the injury without doing the criminal act; and

(4) The injury impending from the emergency must be of sufficient seriousness to outmeasure the criminal wrong.

[Id. at 29 (quoting State v. Tate, 194 N.J. Super. 622, 628 (App. Div. 1984), rev'd on other grounds, 102 N.J. 64 (1986)).]

"The 'necessity' defense is based on public policy . . . . [And] 'reflects a determination that if, in defining the offense, the legislature had foreseen the circumstances faced by the defendant, it would have created an exception.'" Ibid. (quoting Tate, 102 N.J. at 73). Defendant has the burden to show evidence in support of the defense and then the State has the burden "to disprove the affirmative defense beyond a reasonable doubt." Romano, 355 N.J. Super. at 35-36.

The court applied the four-part test, concluding the elements of the defense were not met. Defendant was not in "present danger" when she drove her vehicle a few miles to the supermarket parking lot. She had other options rather than driving

10

in the car. She "could have walked to a neighbor's house and requested help" or asked to use someone's phone.

The record supported the court's findings. Defendant did not deny she drove her vehicle "a couple" miles while under the influence of alcohol. She was not seeking help or medical attention. She did not tell the police or her attorney she had been assaulted.

The court properly distinguished this case from Romano where the defense of necessity was applied. In Romano, the police officer observed the defendant's vehicle when it was "approximately 350 yards" from a restaurant parking lot because its lights were not on. When the officer stopped the defendant, he was covered in blood and bleeding profusely from his nose. Romano, 355 N.J. Super. at 24.

We reversed the DWI conviction in Romano. The defendant was "brutally beaten and was faced with three angry men who were intent on continuing to beat him." Id. at 35. The car where he had taken refuge, was being "shaken, kicked, and rocked, with his attackers threatening to kill him." Ibid. Defendant "had no realistic alternative but to violate the DWI statute." Ibid. We noted that "[i]n a DWI prosecution, the distance a driver travelled might be relevant to the

defense of necessity if the driver had escaped the harm and continued to drive." Id. at 36 n. 1.

This case did not present the same type of imminent and compelling reason to drive while intoxicated that would support the defense of necessity. Taking the facts in defendant's certification as true and the reasonable inferences drawn therefrom, we are satisfied there were other opportunities for defendant to avoid injury without driving a few miles to a parking lot while intoxicated. It was not contradicted that the immediacy of the assault was over, contrary to Romano. Under these facts, defendant did not make a showing that she was compelled to drive while intoxicated to avoid immediate injury. Defendant's argument she satisfied Slater was based on the necessity defense. Without this, defendant did not show a "colorable claim of innocence," which was the first factor under Slater.

The second Slater factor—the nature and strength of the defendant's reasons for withdrawal—"depend[s] on the circumstances peculiar to the case." Munroe, 210 N.J. at 442. A defendant needs to make a "plausible showing of a valid defense" and then explain why this was overlooked at the plea. Id. at 443. Defendant asserts she did not have a copy of her mugshot from the night of her arrest, but she would have known the circumstances of the assault and how she

appeared. She did not tell her attorney or the police about the assault. She did not explain why she did not raise the issue earlier. Therefore, the record supports the court did not abuse its discretion by denying defendant's application to vacate her guilty plea to the DWI charge because the <u>Slater</u> factors were not satisfied.[7] We affirm denial of defendant's application to vacate her guilty plea to the DWI charge.

Defendant alleges the State committed a <u>Brady</u>[8] violation by not providing a copy of her mugshot in discovery. She argues the mugshot was "crucial to the

---

[7] The court gave moderate weight to the third <u>Slater</u> factor—the existence of a plea bargain and found that neither party would be harmed by withdrawal of the plea, under the fourth factor.

Under Guideline Four of the Guidelines for Operation of Plea Agreements in the Municipal Courts of New Jersey, Pressler & Verniero, <u>Current N.J. Court Rules</u>, Appendix to Part VII (2020), "[n]o plea agreements whatsoever will be allowed in drunken driving or certain drug offenses." Neither the municipal court nor Law Division could approve a plea bargain.

There are references to a plea bargain in this case. What the record shows, however, is that the Alcotest results were not the basis for defendant's plea because of an apparent proof issue involving the twenty-minute observation period. Defendant acknowledged driving while under the influence. She pleaded guilty under N.J.S.A. 39:4-50(a)(l)(i) and was sentenced in accord with that statute. Under the comment to the Guidelines, the prosecutor had the ability "to amend the charges to conform to the proofs." Part VII Guidelines Comment. The Guidelines permit the exercise of prosecutorial discretion, which is what occurred in this case. <u>Ibid.</u>

[8] <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

13 

defense and clearly material . . . since the trial court below stated that there was no evidence of assault or need to leave the residence."

"[T]o establish a <u>Brady</u> violation, defendant must show that: (1) the prosecution suppressed evidence; (2) the evidence is favorable to the defense; and (3) the evidence is material[.]" <u>State v. Nelson</u>, 330 N.J. Super. 206, 212 (App. Div. 2000) (citing <u>State v. Martini</u>, 160 N.J. 248, 268 (1999)). "Evidence is material 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" <u>State v. Robertson</u>, 438 N.J. Super. 47, 67 (App. Div. 2014) (quoting <u>State v. Knight</u>, 145 N.J. 233, 246 (1996)), <u>aff'd on other grounds</u>, 228 N.J. 138 (2017).

Critically, there was no evidence the State withheld the mugshot from defendant. It is not clear how the result of the proceeding would have been different when defendant knew the mugshot was taken, was aware she was assaulted, and of her appearance. This record does not support a finding that <u>Brady</u> was violated.

We conclude defendant's further arguments are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

14

A-5691-17T1